UNITED STATES of America

v.

William PETERSON, Appellant.

UNITED STATES of America

v.

John F. POLLARD, Appellant (two cases).

UNITED STATES of America

v.

Joseph L. KENNEDY, Appellant.

UNITED STATES of America

v.

Joseph C. RUMBER, Appellant.

UNITED STATES of America

v.

James R. JANOSKO, Appellant.

Nos. 72-2086, 73-1522, 73-2033, 73-2088, 73-2091 and 73-2127.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 5, 1974.

Decided Dec. 2, 1974.

Mark Andrews,* Washington, D. C., for appellants. Sherman L. Cohn, Washington, D. C. (appointed by this Court), and June D. W. Kalijarvi were on the brief for appellants. Francis J. Murray, Jr.* entered an appearance for appellants.

Steven R. Schaars, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Charles H. Roistacher and Stuart M. Gerson, Asst. U. S. Attys., were on the brief for appellee.

Before ROBINSON, ROBB and WILKEY, Circuit Judges.

PER CURIAM:

■ The question presented by these consolidated appeals is whether a defendant who is sentenced to imprisonment by the District Court is entitled to credit under 18 U.S.C. § 3568 for the time spent on conditional release pending trial or appeal. We answer the question in the negative.

The statute, 18 U.S.C. § 3568 provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

The appellants contend that the periods during which they were on conditional release pending trial or appeal were "days spent in custody" within the meaning of the statute. They argue that this conclusion follows because while on conditional release they were not completely at liberty. We think however that "in custody", as used in the statute, means detention or imprisonment in a place of confinement and does not refer to the stipulations imposed when a defendant is at large on conditional release.

Prior to 1960, the first paragraph of 18 U.S.C. § 3568 read:

> The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the

---

* Entered an appearance as student counsel pursuant to Rule 20 of the General Rules of this Court.

penitentiary, reformatory, or jail for service of said sentence.

Act of June 25, 1948, ch. 645, 62 Stat. 838.

In 1960 this paragraph was amended to read:

The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: *Provided,* That the Attorney General shall give any such person credit toward service of his sentence for any days spent *in custody* prior to the imposition of sentence by the sentencing court *for want of bail set* for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence. [emphasis supplied.]

Act of Sept. 2, 1960, Pub.L. No. 86–691, § 1(a), 74 Stat. 738.

In 1966 the paragraph was again amended to its present form. Act of June 22, 1966, Pub.L. No. 89–465, § 4, 80 Stat. 217.

It is apparent that as used in the 1960 statute the words "in custody" referred to confinement "for want of bail", not to the restrictions imposed when a defendant was released on bail. There is no evidence that Congress in amending this statute in 1966 intended to change its meaning to extend credit for time spent on bail. On the contrary, the Senate Report on the bill, explaining why the words "for want of bail" were deleted from the 1960 statute, noted that

. . . persons *charged with a nonbailable offense or not released* for some reason other than lack of bail *should also receive credit* for such time against service of any sentence eventually imposed. Accordingly, S. 1357 guarantees credit for "any days spent in custody in connection with the offense for which sentence was imposed. * * *" [emphasis supplied.]

S.Rep. No. 750, 89th Cong., 1st Sess., pp. 21, 22. Thus, the purpose of Congress was to benefit those who were not released; there was no intention to extend credit to those who were released. Had Congress, in amending the statute, intended to give credit to those who were released pending trial or appeal we think Congress would have said so in plain language; certainly there would have been some discussion of this novel proposal in the reports on the legislation.

We note that the construction placed upon the statute by the appellants would lead to absurd results: if the time he spent on conditional release exceeded the term of imprisonment imposed on a defendant he would never be imprisoned at all. We cannot believe that Congress intended to make such a radical change in the federal penal system.

The conclusion we reach is in accord with that of other circuit courts of appeals. Sica v. United States, 454 F.2d 281 (9th Cir. 1971); Marchese v. McEachen, 451 F.2d 555 (9th Cir. 1971), cert. denied, 406 U.S. 945, 92 S.Ct. 2043, 32 L.Ed.2d 332 (1972); Polakoff v. United States, 489 F.2d 727 (5th Cir. 1974).

The appellant Pollard was confined in St. Elizabeths Hospital for approximately 130 days, and the government concedes that he is entitled to credit for this time under 18 U.S.C. § 3568. *See* Cephus v. United States, 128 U.S.App. D.C. 366, 389 F.2d 317 (1967); Sawyer v. Clark, 128 U.S.App.D.C. 206, 386 F.2d 633 (1967). His case is therefore remanded for the entry of a judgment directing the Attorney General to allow such credit. In all other respects the judgments of the District Court are

Affirmed.