Ruben ORTEGA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–1653.

United States Court of Appeals, Tenth Circuit.

Feb. 11, 1975.

Winston Roberts-Hohl, Asst. Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM

Appellant Ortega pleaded guilty to violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on March 12, 1973. Sentence was to three years imprisonment to be followed by the special three year parole term provided for in 21 U.S.C. § 841(c). Ortega initiated the instant proceedings when he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court claiming that he should have been granted credit toward sentence for the period of time that he was released on personal recognizance bond between the date of his initial pre-trial arrest and the date he actually began to serve the sentence imposed. The district court found this contention to be without merit, denied relief and dismissed the action. We affirm.

Appellant is represented on this appeal by the federal public defender who cites no authority in direct support of Ortega's contentions. His reliance upon Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) is misplaced. That case stands only for the proposition that a person released on personal recognizance is "in custody" within the meaning of the habeas corpus statute. Such a proposition furnishes no support for the argument advanced here.

 18 U.S.C. § 3568 does provide that a federal prisoner will receive credit toward sentence for "any days spent in custody in connection with the offense or acts for which the sentence was imposed." Bruss v. Harris, 479 F.2d 392 (10th Cir. 1973). However, the "custody" contemplated by § 3568 relates to actual custodial incarceration. Such "custody" does not include the time a criminal defendant is free on bond, either before or after conviction. Polakoff v. United States, 489 F.2d 727 (5th Cir. 1974); Cochran v. United States, 489 F.2d 691 (5th Cir. 1974); Bandy v. Willingham, 398 F.2d 333 (10th Cir. 1968), cert. denied 393 U.S. 1006, 89 S.Ct. 497, 21 L.Ed.2d 470. We accordingly find no merit to Ortega's contentions that he should have been granted credit towards sentence for the period of time that he was released on personal recognizance bond.

Upon docketing, the parties were notified that we were considering summary affirmance and of their rights to furnish memoranda in support of their respective positions. Ortega has filed a memorandum in opposition to summary affirmance. Nevertheless, after carefully and thoroughly reviewing the files and records of this case, we are convinced that the order of the district court is correct.

Affirmed.