UNITED STATES of America,
Plaintiff-Appellee,

v.

Ruben Morales ROBLES,
Defendant-Appellant.

No. 77–2053.

United States Court of Appeals,
Ninth Circuit.

Nov. 1, 1977.

Rehearing and Rehearing En Banc
Denied Jan. 13, 1978.

Michael J. Brown, P. C., Tucson, Ariz., for defendant-appellant.

U. S. Atty. Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM.

PRIOR PROCEEDINGS.

Appellant Ruben Morales Robles (Robles) was indicted on May 9, 1974. The indictment charged him with knowingly and intentionally distributing 486 grams of cocaine in violation of 21 U.S.C. § 841(a)(1).

On August 14, 1974, the case was tried and the jury found Robles guilty as

charged. On September 18, 1974, he was sentenced to imprisonment for five years, a $3,000.00 fine, and a five-year term of probation. He appealed and was released on bond pending appeal.

On May 1, 1975, a panel of this court reversed and remanded the case with directions to dismiss the indictment. On October 16, 1975, however, the case was withdrawn from the panel and taken *en banc* by this court. On July 26, 1976, the *en banc* court reversed Robles' conviction and remanded the case for retrial. *United States v. Robles*, 546 F.2d 798, 804 (9th Cir. 1976). Robles' petition for writ of certiorari was denied by the United States Supreme Court on February 22, 1977 (429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571).

After remand the case proceeded to trial on April 5, 1977. Robles was again found guilty by the jury. On April 28, 1977, he was sentenced to the exact same sentence as was originally imposed after his first conviction. Robles appeals. We affirm.

## I.

■ Robles first argues on this appeal that the three-year delay from the date of the offense to his retrial (after his successful appeal) denies him his Sixth Amendment right to a speedy trial. This argument is without merit. Robles was afforded a speedy trial in August 1974, five months after the indictment was filed, which resulted in his conviction. That conviction was vacated by this court for reasons not related to this appeal. What happened was that defendant was afforded a speedy trial; his conviction was vacated on appeal; and he was retried and again convicted. These facts do not amount to a denial of his Sixth Amendment rights. *Harrison v. United States*, 392 U.S. 219, 221, n. 4, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *see generally Barker v. Wingo*, 407 U.S.

514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *United States v. Simmons*, 536 F.2d 827 (9th Cir. 1976).

## II.

■ Robles next argues[1] that he was denied due process of law when the trial court imposed the same sentence on re-conviction as was originally imposed after his first conviction. During the appeal process Robles was released on bond. As a condition of his release, he was required, among other things, to obey all laws, remain within the jurisdiction unless court permission was granted to travel, obey all court orders, and keep his attorney posted as to his address and employment. Robles contends that these constraints on his freedom were "punishment" and that he should be given credit for this "time served" while on bond. We cannot agree. While 18 U.S.C. § 3568 does provide that persons sentenced shall be given credit for time served "in custody," the time spent on bail or on bond pending appeal is not time served "in custody," *Sica v. United States*, 454 F.2d 281, 282 (9th Cir. 1971); *United States v. Peterson*, 155 U.S. App.D.C. 368, 507 F.2d 1191 (D.C. Cir. 1974). Therefore, Robles is not entitled to have this time spent on bond pending appeal credited against his original sentence. We do note, however, that during the various proceedings against Robles he did spend five days actually in custody. Under 18 U.S.C. § 3568 he should be given credit for this time served and the government concedes this. We are confident that the Attorney General, acting through the Bureau of Prisons and the Parole Commission, will discharge his statutory duties under 18 U.S.C. § 3568 and afford to Robles full credit for the five days spent in custody. In all respects the judgment of the district court is

AFFIRMED.

---

1. Also, in his opening brief, Robles argues that the trial court made "repeated erroneous rulings" on evidentiary matters which caused a "chilling effect" on his right to a fair trial and interfered with his right to assistance of counsel. Based on our reading of the trial record, we find this argument to be without merit.