**Joseph Harold JOHNSON,
Plaintiff-Appellee,**

v.

**William French SMITH, U.S. Attorney General, et al., Defendants-Appellants.**

No. 81–7660.

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1983.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellants.

Stephen J. Anderson, Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

This is an appeal from the issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361. The district court directed respondents-appellants, the Attorney General of the United States, the Director of the United States Bureau of Prisons, and the Warden of the United States Penitentiary in Atlanta, Georgia, to credit against petitioner-appellee's sentence time spent in a federal community treatment center [the "center"] subsequent to a conviction but before sentencing for a violation of the White Slavery Act and subsequent to arrest but prior to conviction for a violation of counterfeiting statutes.

Prior to arrest on the second charge, appellee, Joseph Harold Johnson was free on bond pending appeal of his first conviction. After his arrest, the trial court required, as a condition of the bond, that Johnson spend his nights in the center, subject to conditions admittedly identical to those to which the post-sentence detainees were subjected. The Bureau of Prisons denied petitioner's application for credit for the time spent at the center. Petitioner has exhausted all administrative remedies.

Computation of a sentence of imprisonment of a federal prisoner is governed by 18 U.S.C. § 3568, which reads in pertinent part as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent *in custody* in connection with the offense or acts for which sentence was imposed. * * (emphasis supplied).

The Bureau of Prisons denied petitioner's request for credit based on its determination that the six months he spent at the center did not constitute time spent "in custody" for purposes of § 3568. The Bureau relied on Bureau of Prison Policy Statement No. 5880.24 which provides:

Time spent in residence in a *residential community center* (or a community base program located in a metropolitan correctional center or jail) under the provisions of 18 U.S.C. § 3146 as a condition of bail or bond, including the "Pretrial Services" Program (18 U.S.C. § 3152 thru 3154), is not creditable as jail time since the degree of restraint provided by residence in a community center is not sufficient restraint to constitute custody within the meaning or intent of 18 U.S.C. 3568. Also, a "highly restrictive" condition of bail or bond, such as requiring the defendant to report daily to the U.S. Marshall, is not considered as time in custody. However, time spent in a *jail-type* facility (not including a community based program located in a metropolitan correctional center or jail) as a condition of bail or bond is creditable as jail time because of the greater degree of restraint.

In the proceedings below as well as at oral argument before this court, appellants conceded that those who are at the center after sentencing are "in custody" and the time spent there is credited against their sentence.

Concluding that the government neither offered a "rational reason for the distinction" between pre-sentence and post-sentence detainees, nor in any way refuted that Johnson, as a pre-sentence detainee, was similarly situated to post-sentence detainees, the district court held that failure to give petitioner credit for his time spent in the center violated the equal protection component of the fifth amendment due process clause. *See, e.g., Vance v. Bradley,* 440 U.S. 93, 94 n. 1, 99 S.Ct. 939, 941 n. 1, 59 L.Ed.2d 171 (1979) (the Fifth Amendment due process clause forbids the federal government from denying equal protection of the laws).

■■■ A preliminary step in equal protection analysis is to determine whether persons who are similarly situated are subject to disparate treatment. "Only when a governmental unit adopts a rule that has a special impact on less than all the persons subject to its jurisdiction does the question whether this principle [equal protection of the laws] is violated arise." *New York City Transit Authority v. Beazer,* 440 U.S. 568, 587–88, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979). The law is clear that: "The Constitution does not require that things different in fact be treated in law as though they were the same. But it does require, in its concern for equality, that those who are similarly situated be similarly treated. The measure of the reasonableness of a classification is the degree of its success in treating similarly those similarly situated." Gunther, Constitutional Law at 678 (10th ed. 1980), quoting Tusman and tenBroek, *The Equal Protection of the Laws,* 37 Calif. L.Rev. 341 (1949). *See also Frontiero v. Richardson,* 411 U.S. 677, 690, 93 S.Ct. 1764, 1772, 36 L.Ed.2d 583 (1973); *Eisenstadt v. Baird,* 405 U.S. 438, 447, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349 (1972); *Reed v. Reed,* 404 U.S. 71, 75–76, 77, 92 S.Ct. 251, 253, 254, 30 L.Ed.2d 225 (1971); *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); *Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); *Barbier .v. Connolly,* 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923 (1885).

In order to take this preliminary step, the court must identify which groups of persons are similarly situated. "[W]here are we to look for the test of similarity in situations

which determines the reasonableness of a classification? The inescapable answer is that we must look beyond the classification to the purpose of the law." *Gunther, supra,* at 678–79. *See also Reed v. Reed,* 404 U.S. at 77, 92 S.Ct. at 254.

The purpose of 18 U.S.C. § 3568, clear from the face of the statute, is to ensure that those incarcerated for federal offenses receive credit against their sentences for time spent "in custody in connection with the offense or acts for which sentence was imposed." *See Daniel v. United States,* No. 79–204, slip op. at 24 (D.Conn. Jan. 7, 1981), *affirmed,* 661 F.2d 908 (2d Cir.1981). Therefore, persons are similarly situated for purposes of § 3568 if they are equally "in custody" of the federal government. Those who are subjected to the same conditions of confinement are similarly situated "with respect to [the] objective" of § 3568. *Reed v. Reed,* 404 U.S. at 77, 92 S.Ct. at 254.[1]

If the group to which the petitioner belongs is not situated similarly to the group receiving the benefit to which he claims entitlement, no equal protection problem is presented. If the two groups are similarly situated, then a rational reason for the disparate treatment must exist in order to avoid a denial of equal protection of the laws. *Vance v. Bradley,* 440 U.S. at 97, 99 S.Ct. at 942; *Eisenstadt v. Baird,* 405 U.S. at 447, 92 S.Ct. at 1035. Thus, the denial of credit to Johnson "is valid if it is 'rationally related to furthering a legitimate state interest.'" *Vance v. Bradley,* 440 U.S. at 97, 99 S.Ct. at 943, quoting *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). *See also Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920).

This means that a distinction constitutionally can be drawn between Johnson and post-conviction detainees at the center if (1) conditions for Johnson, as a pre-sentence detainee, were less restrictive than for post-sentence inmates, making the two classes dissimilarly situated, or, (2) if he were similarly situated to post-sentence detainees, there is some rational reason for denial of credit to pre-sentence detainees but allowance of credit to post-sentence inmates.

On appeal, the appellants for the first time assert that Johnson and the post-sentence detainees were not similarly situated for purposes of equal protection analysis. Appellants contend that, unlike other residents at the center, Johnson was subject to the appeal bond, had not yet been committed to the custody of the Attorney General, and therefore could not be prosecuted for escape from the center. Thus, appellants argue that the absence of a legitimate threat of prosecution for escape means appellee in fact was under a less restrictive confinement than were those receiving credit for time at the center. Appellants also argue that Johnson and post-sentence detainees are dissimilar in that Johnson's place of confinement was selected by the district court, not the Attorney General. Further, they contend that it is significant that Johnson voluntarily chose to forego service of his sentence by accepting the appeal bond and failed to appeal the conditions later imposed on the bond.

In the proceedings below it was "uncontroverted by respondents [appellants], that during his stay at the community treatment center, Johnson was treated in precisely the same fashion as, and was under restrictions identical to, those imposed on inmates who were serving their sentences there." *Johnson v. Civiletti,* No. C80–3087A, slip op. at 2 (N.D.Ga. June 8, 1971).

[R]espondents support[ed] the challenged policy *solely* on the ground that petitioner's confinement at the communi-

---

1. Appellants note that § 3568 was enacted specifically to ensure that pre-sentence detainees receive credit for time in custody while custody of post-sentence inmates is governed by 18 U.S.C. § 4082. Regardless of whether or not § 3568 was necessary to ensure credit to inmates already serving their sentences, the purpose of § 3568 is to guarantee that time spent "in custody" is credited. For that purpose, all detainees who are "in custody" are similarly situated. Whether or not there is disparate treatment of persons so situated and whether or not there is a justification for that disparate treatment are separable questions.

ty treatment center was not sufficiently restrictive to constitute "custody" within the meaning of 18 U.S.C. § 3568. However, respondents fail to show *any* reason for considering confinement at the community treatment center "custody" within the meaning of section 3568 for post-sentence detainees, but not for detainees who have been convicted but not yet sentenced. (emphasis supplied).

*Id.* at 3.

■ Whether or not the arguments the appellants assert on appeal, if accepted, would mean Johnson was situated dissimilarly to post-sentence detainees at the center or that there is a rational reason for the challenged policy, the government may not make these arguments for the first time on appeal. The law is clear that, absent special circumstances, defenses not presented and for which proof is not offered in the trial court cannot be raised for the first time on appeal. *Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1030–31 (5th Cir. Unit B 1982). *See also United States v. Indiana Bonding & Surety Co.,* 625 F.2d 26, 29 (5th Cir.1980); *Tedder v. F.M.C. Corp.,* 590 F.2d 115 (5th Cir.1979); *Commercial-Credit Business Loans, Inc. v. St. Louis Terminal Field Warehouse Co.,* 514 F.2d 75, 77 (5th Cir. 1975); *Hill York Corporation v. American International Franchises, Inc.,* 448 F.2d 680 (5th Cir.1971).[2]

■ We affirm the decision of the district court because the decision clearly was a proper one on the record before that court. We are keenly aware that in a situation such as this "the Constitution does not authorize a federal court to interfere in [a] policy decision" of another branch of government if that policy is rationally related to a legitimate governmental purpose.[3] Further, the appellee has the burden of showing that there is an equal protection violation.[4] Here appellee, in both the Memorandum of Law in Support of Petition for a Writ of Mandamus and his Traverse to Respondents' Return on Order to Show Cause, specifically based his claim on the fact that he was subjected to conditions identical to those under which post-sentence detainees were held at the center. Given that appellants totally failed in the lower court to refute that Johnson was subjected to conditions identical to post-sentence detainees, to proffer any rational reason for qualifying conditions as "in custody" for post-sentence inmates but not for pre-sentence detainees and to respond in any way to appellee's equal protection claim, appellee met his burden in this case.

■ We do not base our decision on any determination as to whether or not post-sentence and pre-sentence detainees are always similarly situated under § 3568 or whether or not a rational reason for disparate treatment of the two groups could ever be shown.[5] Further, this decision does not

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. This circuit also is bound by all decisions of Unit B of the former *Fifth Circuit. Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

3. *New York Transit Authority v. Beazer,* 440 U.S. 568, 594, 99 S.Ct. 1355, 1370, 59 L.Ed.2d 587 (1976). *See also Vance v. Bradley,* 440 U.S. 93, 109, 99 S.Ct. 939, 948, 59 L.Ed.2d 171 (1976).

4. *See, e.g., Vance v. Bradley,* 440 U.S. at 111, 99 S.Ct. at 949 (those raising the equal protection claim must demonstrate there is no reasonable basis for disparate treatment).

5. While this decision does not require a resolution of these issues, and we express no opinion

as to whether appellants would prevail if their arguments were properly presented, we note that the appellants' arguments that the disparate treatment is justified are not so persuasive that the proper resolution of the issues raised is beyond any doubt or that an injustice will result if we do not entertain these arguments. *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Payne v. McLemore's Wholesale and Retail Stores,* 654 F.2d 1130, 1144–47 (5th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982). Further, at least one of appellants' arguments and appellee's response thereto raise factual issues which cannot properly be resolved by this court. *Id.; Fehlhaber v. Fehlhaber, supra,* 681 F.2d at 1031.

The appellants' primary contention, that pre-sentence detainees are subject to less restrictive confinement because of the absence of threat of prosecution, is refuted by an attach-

establish a constitutional or statutory right to credit for all pre-sentence detainees for time spent at this center or under conditions similar to the center.[6] Whether cer-

tain conditions are sufficiently restrictive to qualify an inmate as being "in custody" for purposes of § 3568 is a determination properly left in the first instance to the appro-

ment to appellee's brief. Appellee attaches a copy of a form labeled "Acknowledgment of Custody" which he alleges he was required to sign each and every time he left the confines of the center. The form requires the signator to acknowledge that he is in the custody of the Attorney General of the United States, that he understands that leaving the center or his place of employment without permission or failing to return to the center will be deemed an escape for which he will be subject to prosecution. While a determination of what constitutes "custody" should be based on objective factors as opposed to the detainee's purely subjective belief, *Daniel v. United States,* No. 79–204, slip op. at 26–27 n. 5 (D.Conn. Jan. 7, 1981), aff'd, 661 F.2d 908 (2d Cir.1981), the only way that the threat of prosecution provides an additional and distinguishing condition of confinement is through the detainees' perception of the threat, acting as a deterrent to them behaving as if they were free. Where, as here, the government actually tells a detainee that he is subject to the threat of prosecution, whether or not this is in fact accurate, the government should not be able to claim that the detainee's perception of the threat of prosecution is merely a subjective and erroneous belief. *Cf. Daniel v. United States, supra,* No. 79–204, slip op. at 26–27 & n. 5 (where detainee thought he was not free to leave a facility but facility officials did not tell him he was not free to go at will, subjective belief will not support finding that he was "in custody" for purposes of § 3568); *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977) ("custody" in the context of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), must be determined objectively); *Cervantes v. Walker,* 589 F.2d 424, 428 (9th Cir.1978) (same); *United States v. Hall,* 421 F.2d 540, 544 (2d Cir.1969), *cert. denied,* 397 U.S. 990, 90 S.Ct. 1123, 25 L.Ed.2d 398 (1970) (same).

Given that appellants did not respond to appellee's equal protection claim in the court below and, more specifically, because they did not contend that appellee was not subject to the threat of prosecution, appellee did not introduce the acknowledgment form in the lower court. Thus, the document has not been authenticated and the district court made no finding as to whether or not Johnson actually was required to sign the form. As our disposition does not rely on resolution of this issue, we make no ruling in this regard. Suffice it to say that the absence of any finding from the court below highlights the need for the rule that parties must present their case initially in the court below and not present defenses for the first time on appeal. *See, e.g., Fehlhaber v.*

*Fehlhaber, supra,* 681 F.2d at 1030. Where a defendant relies solely upon one argument in the lower court, thus narrowing the issues for that court to resolve and for a plaintiff or petitioner to prove, "the defendant should not be entitled to raise new issues on appeal simply because those he relied upon at trial were unsuccessful." *Payne v. McLemore's Wholesale and Retail Stores, supra,* 654 F.2d at 1146.

6. The decision in the instant case is not inconsistent with *Daniel v. United States,* No. 79–204 (D.Conn. Jan. 7, 1981), *affirmed,* 661 F.2d 908 (2d Cir.1981); *United States v. Robles,* 563 F.2d 1308 (9th Cir.1977), *cert. denied,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 *reh. den.,* 436 U.S. 914, 98 S.Ct. 2257, 56 L.Ed.2d 416 (1978); *Ortego v. United States,* 510 F.2d 412 (10th Cir.1975) or *Polakoff v. United States,* 489 F.2d 727 (5th Cir.1974), where persons incarcerated in particular facilities or subject to certain conditions restrictive of their freedom were found not to be "in custody" for purposes of § 3568 because the conditions of restraint were not sufficiently restrictive. In those cases, no claim was made that persons subjected to conditions identical to the petitioners were granted credit for time served. Here, because the government conceded that Johnson, even though a pre-sentence detainee, was subjected to conditions identical to post-sentence detainees who do in fact receive credit for time at the center and because the government presented to the district court no rational reason for the disparate treatment, we reach the result that Johnson must be granted credit for time served at the center.

Neither is this decision inconsistent with *Matthew v. Dees,* 579 F.2d 929 (5th Cir.1978) or *Parker v. Estelle,* 498 F.2d 625 (5th Cir.1974), in which this circuit has ruled that there is no absolute federal constitutional right to credit for pre-sentence custody. In each of those cases, petitioners argued that, even in the absence of any statute authorizing credit for time spent in custody, the equal protection clause of the Fourteenth Amendment directly conferred the right to such credit. In the instant case there is a statute mandating credit for time spent in custody. Johnson does not claim that he has a direct constitutional right to credit. Rather he claims that, in the absence of any rational reason, failure to apply the statute to him, given the identicalness of his and the post-sentence inmates' confinement, violates equal protection of the laws.

Thus, this decision is in no way premised on any absolute constitutional right to credit.

priate administrative agency.[7] *See Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

In this case, however, because appellants conceded in the district court that Johnson was subject to conditions identical to those to which post-sentence detainees were subjected and therefore that he was similarly situated to those inmates who do receive credit, failure to present in the district court any rational reason for the disparate treatment warrants affirmance of the district court order. Hence, we AFFIRM.

---

7. We do not here reject the Bureau of Prisons interpretation that the conditions of confinement at the center for pre-sentence detainees generally do not qualify as "custody" for purposes of § 3568. However, the appellants' concession in the district court of the critical fact

establishing similarity of situation and the failure to proffer a rational reason for the disparate treatment received mean that Johnson has established that there is a denial of equal protection of the laws in this case.