**Alfred Charles VILLAUME, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Appellee.**

No. 86–5281.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1986.

Decided Nov. 5, 1986.

Rehearing Denied Dec. 4, 1986.

Alfred Charles Villaume, pro se.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Alfred Charles Villaume appeals from a final order entered in the District Court[1] for the District of Minnesota dismissing his complaint seeking declaratory judgment. *Villaume v. United States Department of Justice*, No. Civ. 4–85–1636 (D.Minn. June 25, 1986) (order). For reversal appellant argues the district court erred in dismissing his complaint without holding an evidentiary hearing. For the reasons discussed below, we affirm the order of the district court.

Appellant was arrested by federal and local law enforcement officers on October 23, 1984. The next day he was indicted by a federal grand jury and charged with possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); a federal magistrate set bond at $25,000, 10% deposit, and imposed certain reporting conditions and travel restrictions. On October 29, 1984, appellant posted bond and was released. In December 1984 appellant pled guilty and in January 1985 was sentenced to four years imprisonment and a special parole term. Appellant began serving his sentence on February 13, 1985.

Appellant then filed this complaint seeking a declaratory judgment that he is entitled to credit against his sentence pursuant to 18 U.S.C. § 3568[2] for the time he was released on pre-trial bond. Appellant argued that because of the reporting conditions and travel restrictions of his pre-trial bond, he was "in custody" during the time he was released on bond and should be entitled to credit against his sentence for that time. The district court referred the complaint to a magistrate.[3] The magistrate recommended that the complaint be dismissed. The district court reviewed appellant's objections to the magistrate's report and recommendation, agreed with the magistrate's analysis, and dismissed the complaint. This appeal followed.

The district court did not err in dismissing appellant's complaint without holding an evidentiary hearing. There were no disputed facts in the present case, and whether appellant's complaint stated a claim upon which relief could be granted could be determined on the basis of the complaint itself.

On the merits, we hold the district court did not err in dismissing appellant's complaint. First, "the 'custody' contemplated by [18 U.S.C.] § 3568 relates to actual custodial incarceration. Such 'custody' does not include the time a criminal defendant is free on bond, either before or after conviction." *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975) (per curiam). *Cf. Hayward v. United States Parole Comm'n*, 740 F.2d 610, 611 (8th Cir.1984) (per curiam) (release pending appeal). Second, appellant's reliance upon *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), is misplaced. The Supreme Court in *Hensley v. Municipal Court* held only that a person released on personal recognizance is "in custody" for purposes of habeas corpus proceedings. *Id.* at 349, 93 S.Ct. at 1573–74. The holding in *Hensley v. Municipal Court* cannot be extended to "in custody" for the purpose of credit against sentences under 18 U.S.C. § 3568. *See, e.g., Cerrella v. Hanberry*, 650 F.2d 606, 607 (5th Cir.) (per curiam), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981); *Ortega v. United States*, 510 F.2d at 413.

Accordingly, the order of the district court is affirmed.

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

2. 18 U.S.C. § 3568 provides that a federal prisoner will receive credit toward his or her sentence for "any days spent in custody in connec-

tion with the offense or acts for which sentence was imposed."

3. The Honorable Floyd E. Boline, United States Magistrate for the District of Minnesota.