**UNITED STATES, Appellee,**

v.

**Raul Casiano FIGUEROA, Defendant, Appellant.**

**No. 86–1928.**

United States Court of Appeals, First Circuit.

Submitted May 8, 1987.

Decided Sept. 16, 1987.

Raul Casiano Figueroa, pro se.

Robert S. Mueller, U.S. Atty., and Victor A. Wild, Asst. U.S. Atty., Boston, Mass., on brief, for appellee.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a "Motion for Amendment of Records Nunc Pro Tunc," in effect a request for reduction of federal sentence. Figueroa argued in his *pro se* motion that he should have received credit against his sentence for the time he spent on conditional release pending trial. The district court rejected this argument; we affirm its decision.

Section 3568 of Title 18, U.S.Code, provides, in relevant part: "The Attorney General shall give [a convicted] person credit toward service of his sentence for any days spent *in custody* in connection with the offense or acts for which sentence was imposed." (emphasis added). All the circuit courts to have addressed the issue have concluded that the "in custody" re-

quirement of § 3568 "means detention or imprisonment in a place of confinement and does not refer to the stipulations imposed when a defendant is at large on conditional release." *United States v. Peterson,* 507 F.2d 1191, 1192 (D.C.Cir.1974) (per curiam). *Accord Villaume v. U.S. Department of Justice,* 804 F.2d 498, 499 (8th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *Ortega v. United States,* 510 F.2d 412, 413 (10th Cir.1975); *Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1974). *See United States v. Robles,* 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978) (above-stated rule applied to bail pending appeal); *Sica v. United States,* 454 F.2d 281 (9th Cir.1971) (same); *see also United States v. Golden,* 795 F.2d 19, 21 (3d Cir.1986) (court agrees that sentence at issue is illegal but adds that "[g]enerally, a defendant is not entitled to credit for time spent released on his own recognizance prior to entering prison"). *Compare Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (discussing "in custody" requirement in habeas corpus actions); *Villaume,* 804 F.2d at 499 (habeas "in custody" is not equivalent to § 3568 "in custody"); *Cerrella v. Hanberry,* 650 F.2d 606, 607 (5th Cir.), *cert. denied,* 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981) (same).

Therefore, in light of the overwhelming weight of authority, we reject Figueroa's argument that he should have received credit against his sentence for the time he was admitted to bail pending trial. In so doing, we align ourselves with our sister circuits and hold that, in the vernacular of § 3568, "custody" means "imprisonment" or some comparable institutional "confinement." The district court's decision is *affirmed.*