**Terence HATTERMANN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 88–1323.**

United States District Court, C.D. Illinois.

Jan. 5, 1989.

Terence Hattermann, pro se.

Assistant U.S. Attorney's Office, Peoria, Ill., for U.S.

### ORDER

MIHM, District Judge.

Terence Hattermann has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He was arrested on October 14, 1986, convicted on May 22, 1987, and sentenced to three years in federal prison on June 15, 1987. Between the time of his arrest and the time of sentencing, Hattermann was released on bond. He is currently serving his sentence at the federal prison in Terre Haute, Indiana. Mr. Hattermann was also released on bond pending his appeal and was taken into custody after the mandate was returned. He does not appear to raise any question regarding this period of time. (See his Argument attached to the Petition at p. 7). However, to the extent that this period is included in his motion, this order encompasses it.

In his motion, Hattermann asserts that under 18 U.S.C. § 3568 the Attorney General should give him credit toward service of his sentence for the time he spent on bond between his arrest and sentencing. He argues that the term "in custody" in § 3568 should be ascribed a meaning identical to that phrase under the habeas corpus statutes, §§ 2254 and 2255. By refusing to credit him with this time, Mr. Hattermann asserts that the Attorney General has extended his sentence by 244 days without due process, and, by applying it differently to those persons released on bond than to those suffering from other restraints on their liberty, the Attorney General has violated his equal protection rights.

Section 3568 in relevant part provides that,

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

Before considering the merits of Mr. Hattermann's arguments, however, his standing to raise those issues must be examined. Under § 3568 where the sentence imposed plus the time spent in presentence custody totals less than the maximum sentence provided for that offense, there is a presumption that the sentencing judge gave credit for any presentence custody. *Holt v. United States,* 422 F.2d 822 (7th Cir.1970). *Accord, Parker v. Estelle,* 498 F.2d 625 (5th Cir.1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450

(1974); *Trimmings v. Henderson,* 498 F.2d 86 (5th Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1135, 43 L.Ed.2d 405 (1974); *Swift v. United States,* 436 F.2d 390 (8th Cir.1970), *cert. denied,* 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698 (1970). If Mr. Hattermann was sentenced for less than the maximum, he does not have standing to challenge this statute. *Swift,* 436 F.2d 390, 392–93.

Mr. Hattermann was convicted under 21 U.S.C. § 841(a)(1) and § 843(a)(3) and sentenced to three years in prison. The penalties for violations of § 841(a)(1) are prescribed in § 841(b). Although Mr. Hattermann's petition does not provide enough specifics to determine with certainty what provision of subpart (b) sets forth the parameters of his punishment, it is evident that his sentence is well below the maximum. The penalties for violations of § 843(a)(3) are prescribed in § 843(c). The maximum sentence is four years. Mr. Hattermann's sentence of three years is also below the four year maximum even if the number of days on bond is added to his three year sentence. Therefore, Mr. Hattermann does not have standing to challenge the unconstitutionality of the Attorney General's refusal to credit his sentence with the time he was on bond prior to sentencing.

■ Even if Plaintiff had standing to raise these issues, his arguments would fail. All the circuit courts to have addressed the issue of the proper interpretation of "in custody" have concluded that this phrase means "detention or imprisonment in a place of confinement and does not refer to the stipulations imposed when a defendant is at large on conditional release." *United States v. Peterson,* 507 F.2d 1191, 1192 (D.C.Cir.1974). Accord, *United States v. Figueroa,* 828 F.2d 70 (1st Cir.1987); *Villaime v. U.S. Department of Justice,* 804 F.2d 498, 499 (8th Cir.1986), *cert. denied,* 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *Ortega v. United States,* 510 F.2d 412, 413 (10th Cir.1975); *Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1974). *Cf., United States v. Robles,* 563 F.2d 1308, 1309 (9th Cir.1977),

*cert. denied,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978) (above stated rule applied to bail pending appeal); *Sica v. United States,* 454 F.2d 281 (9th Cir.1971) (same rule). *See also, United States v. Golden,* 795 F.2d 19, 21 (3rd Cir.1986) (court agreed that sentence at issue is illegal but added that "generally, a defendant is not entitled to credit for time spent released on his own recognizance prior to entering prison").

Mr. Hattermann's reliance upon *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), and other cases interpreting the "in custody" requirement under habeas corpus proceedings is misplaced. The Supreme Court in *Hensley* held only that a person released on personal recognizance is in custody for purposes of habeas corpus proceedings. *Id.* at 349, 93 S.Ct. at 1573. This holding has never been extended to § 3568. *E.g., Cerrella v. Hanberry,* 650 F.2d 606, 607 (5th Cir.1981), *cert. denied,* 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981); *Ortega v. United States,* 510 F.2d at 413; *Villaime v. United States Department of Justice,* 804 F.2d at 499.

The difference in interpretation accorded the same phrase in different statutes is consistent with the relative statutory language and purpose of these statutes. The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Hensley,* 411 U.S. at 351, 93 S.Ct. at 1574. The custody requirement of § 3568, however, was designed to authorize inclusion in the period of incarceration any time spent in a local institution while awaiting transportation to the penal institution and thus prevent judges from frustrating the will of Congress by adding periods of time to the actual sentence imposed resulting in more time served than the statutory maximum. In other words, it simply establishes a firm date for the commencement of a sentence. *United States v. Liddy,* 510 F.2d 669 (D.C. Cir.), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1974); *Siegel v. United States,* 436 F.2d 92 (2d Cir.1970); *Sawyer v. United States,* 376 F.2d 615 (8th Cir.1967). A secondary purpose of the

statute was to give credit for time spent in custody while awaiting trial where the defendant was originally arrested and held in custody on a state charge and then eventually turned over to federal government for prosecution. *Bell v. District of Columbia Department of Corrections,* 403 A.2d 330 (D.C.App.1979).

■ Therefore, considering the language and the history of the statute, this Court joins those courts which have held that the "in custody" requirement of § 3568 applies only to actual physical incarceration and does not extend to persons in Mr. Hattermann's situation.

■ Mr. Hattermann also asserts that the language "any person" is consistent with a broad interpretation of § 3568. Although apparently "any person" is a term that has not been interpreted in the context of § 3568, when the phrase is read in context of the first two sentences, Mr. Hattermann's argument is without merit. In the first sentence, the phrase "any person" is qualified by "convicted of an offense;" the first sentence, therefore, does not deal with "any person" prior to conviction. The second sentence does not contain the phrase "any person"; it contains the phrase "any such person" and therefore also refers to any person convicted of an offense. Mr. Hattermann does not fall into this category for the period of time prior to his conviction. Thus, at most, he could be considered a "person" under § 3568 for the 25 days between his conviction and his sentencing. Even if he is considered a person in this context, however, he was not in custody and is therefore not entitled to credit for the 25 days.

However, it is possible for a correct statutory interpretation to nonetheless violate constitutional requirements. Therefore, it is necessary to consider Mr. Hattermann's constitutional arguments as well.

■ The gist of Mr. Hattermann's equal protection argument is that the class of persons on bond must be treated identically to the class of persons on probation or parole because the restrictions placed on their liberty are identical. Because these classifications are not based on a suspect class and do not infringe a fundamental right, the burden is on the Plaintiff to show that there is no legitimate state interest being furthered by the differing treatment. He fails to meet that burden. Instead, he attempts to show that there are rational reasons for treating the two classes the same, a showing which is insufficient to state an equal protection problem.

It is clear to this Court that a statute can rationally differentiate between these two classes. The concerns addressed by legislation dealing with persons on probation or parole are entirely separate from the concerns addressed in statutes permitting release on bond pending trial. In the case of release on bond, the state's interest is neither punishment nor guilt. To equate the two situations would ultimately require a finding that bond restrictions constitutionally amount to a form of punishment; such restrictions would thus never be permissible prior to conviction. This Court is thoroughly unconvinced that equal protection mandates such a finding.

■ Likewise, Mr. Hattermann fails to set forth any violation of due process. He asserts that, by refusing the credit, the Attorney General has lengthened his sentence by 244 days. In *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Supreme Court stated, "In evaluating the constitutionality of conditions or restrictions of pretrial detention of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535, 99 S.Ct. at 1872. The mere fact that some restrictions are placed upon the detainee does not convert the restrictions into punishment. *Id.* at 537, 99 S.Ct. at 1873. Restraints reasonably imposed for the purpose of ensuring the detainee's presence at trial and reasonably related to that purpose do not rise to the level of punishment.

■ Although the Court in *Wolfish* was discussing actual detention and not release on bond, the principles are applicable in the latter context as well. The restrictions placed upon Mr. Hattermann did not

amount to punishment. They were reasonable, considered limitations upon his freedom of movement designed solely for the purpose of ensuring his presence at the trial and the sentencing hearing. There was no intent to punish; the restrictions were merely an "incident of a legitimate, nonpunitive and governmental objective." *Wolfish*, 441 U.S. at 539, 99 S.Ct. at 1874.

For each of the reasons stated, the Court finds no merit in Mr. Hattermann's argument. Therefore the Government will not be ordered to respond. This petition to correct his sentence is DENIED and the case is DISMISSED. The Clerk is directed to enter final judgment.