**UNITED STATES of America, Appellee,**

v.

**Donald Lee CARLSON, Appellant.**

No. 89–5101.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 31, 1989.

Decided Sept. 21, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 31, 1989.

Donald Lee Carlson, pro se.

Thorwald Anderson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

Donald Lee Carlson appeals pro se from the order of the District Court[1] for the District of Minnesota denying his motion for a sentence credit under 18 U.S.C. § 3568 (repealed, effective November 1, 1987) for the time he was released on bond.

Carlson was indicted by a federal grand jury and charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and one count of tax evasion in violation of 26 U.S.C. § 7201. After his arrest, a magistrate set bond at $50,000 and imposed certain reporting conditions and travel restrictions. On March 2, 1987, Carlson posted bond and was released. Following a jury conviction on October 17, 1987, the bond was revoked. The district court sentenced Carlson to two consecutive five-year prison terms and ordered him to pay a total of $100 in special assessment fees and $110,000 in fines.

Carlson filed the instant motion, arguing that because of the reporting conditions and travel restrictions of his bond, he was "in custody" within the meaning of 18 U.S.C. § 3568, and thus, was entitled to a sentence credit for the time he was released on bond. In support of his position, Carlson cited several cases holding that for purposes of federal habeas corpus actions, individuals released on bond were "in custody." The district court denied Carlson's motion, relying on *Villaume v. United*

---

1. The Honorable Edward J. Devitt, Senior Judge, United States District Court for the District of Minnesota.

*States Department of Justice,* 804 F.2d 498 (8th Cir.1986) (per curiam), *cert. denied,* 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987). In this timely appeal, Carlson reasserts the arguments advanced below.

Under 18 U.S.C. § 3568, a federal prisoner will receive credit towards "his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." In *Villaume v. United States,* this court held that the custody requirement in § 3568 related only to actual custodial incarceration and did not include the time a defendant was free on bond and specifically refused to extend to the meaning of "in custody" in federal habeas corpus proceedings to § 3568. 804 F.2d at 499.

Accordingly, the district court order is affirmed.