900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde Michael MORGAN, Defendant-Appellant.
 No. 89-7860.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 16, 1990.
Rehearing and Rehearing In Banc Denied April 17, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Woodrow Wilson Jones, Senior District Judge. (CR-84-132-A).
 Clyde Michael Morgan, appellant pro se.
 Thomas J. Ashcraft, United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clyde Morgan, a prisoner at FCI Butner, appeals the order of the district court denying his motion for credit on his federal sentence.[1] Morgan sought credit for time spent while he was in state custody, in federal custody prior to making bail before trial and pending appeal, and on bail prior to trial and pending appeal.[2] The district court summarily denied the motion. We affirm the denial of credit for time spent in state custody and while on bail, but remand for a determination of whether Morgan is entitled to 11 days credit for time allegedly spent in federal custody.
 
 
 2
 Under 18 U.S.C. Sec. 3568, a federal prisoner is entitled to credit for time "spent in custody in connection with the offense or acts for which sentence was imposed." However, a prisoner is not "in custody" for purposes of Sec. 3568 while on pre-trial bail, see United States v. Figueroa, 828 F.2d 70 (1st Cir.1987), Marrera v. Edwards, 812 F.2d 1517 (6th Cir.1987), or while on bail pending appeal. See Cerrella v. Hanberry, 650 F.2d 606 (5th Cir.), cert. denied, 454 U.S. 1034 (1981). Likewise, a federal prisoner is not entitled to time spent in state custody pending state charges. See Boniface v. Carlson, 856 F.2d 1434 (9th Cir.1988); United States v. Garcia-Gutierrez, 835 F.2d 585 (5th Cir.1988).
 
 
 3
 However, Morgan may be entitled to credit for time he claims he spent in federal custody prior to making bail before trial (3 days) and prior to making appeal bond (8 days). The record does not disclose whether Morgan was actually in federal custody as alleged or whether he was actually denied such credit. We leave the resolution of these issues to the district court on remand. If Morgan was in federal custody and he was denied such credit, he is entitled to appropriate credit. 18 U.S.C. Sec. 3568.
 
 
 4
 Accordingly, we affirm the denial of credit for time spent in state custody and while on bail, and remand for determination of credit for time spent in federal custody. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 [1]
 Morgan is serving a 10-year sentence for voluntary manslaughter
 
 
 [2]
 Morgan claimed that he was entitled to 22 days credit for time spent in state custody, 11 days for time spent in federal custody, and 573 days for time spent on bail