**UNITED STATES of America**

v.

**George HERGHELEGIU.**

**Crim. Nos. 87–384, 87–385–1.**

United States District Court,
E.D. Pennsylvania.

April 11, 1991.

---

Frederick G. Herold, Asst. U.S. Atty., for U.S.

Nino V. Tinari, Mark D. Mungello, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Petitioner, George Herghelegiu, currently serving a seven year sentence for drug offenses, moves that his time on bail between arrest and sentencing, be credited towards service of his sentence as time "in custody" under the applicable statute, 18 U.S.C. § 3568.

The conditions of George Herghelegiu's bond were:

1) Defendant was held on $100,000–10% cash bail, 2) Defendant was also required to sign over the interest he owned in his home, 3) Defendant was placed in the custody of Sophia, his companion, and both he and she would be responsible for the full amount of bail if defendant had failed to appear, 4) Defendant was required to report once a week in person to the Pretrial Services Agency, 5) Defendant was required to surrender his passport and was not to leave the jurisdiction of the court (except to answer charges and consult counsel in New Jersey in relation to his case), 6) all of Defendant's weapons were seized, 7) Defendant was not to engage in any criminal acts or to associate with known criminals and drug dealers of any kind.

18 U.S.C. § 3568 states in pertinent part: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed …"

■ Petitioner, arguing that he was "in custody" when released on bail prior to trial, conviction and sentence, relies on the definition of "custody" for federal habeas corpus; 28 U.S.C. § 2241, et seq. Petitioner cites *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). The issue before the Supreme Court in *Hensley* was whether a person released on his own recognizance is "in custody" *within the meaning of the federal habeas corpus statute*. The Court in *Hensley* limited its review, and "[drew] heavily from … legal history as to the traditional purpose to be served by the writ of habeas corpus." *Cochran v. U.S.* 489 F.2d 691 (5th Cir.1974).

■ It has long been established that the "custody" referred to in § 3568 contemplates actual custodial incarceration and does not include time a criminal defendant is free on bond, either before or after conviction. *Ortega v. United States*, 510 F.2d 412 (10th Cir.1975). The reporting requirements and travel restrictions imposed when a defendant is at large on conditional release do not make time on bail time "in custody" under § 3568. *See United States v. Carlson*, 886 F.2d 166 (8th Cir.1989); *United States v. Figueroa*, 828 F.2d 70 (1st Cir.1987), *citing United States v. Peterson*, 507 F.2d 1191, 1192 (D.C.Cir.1974) (per curiam); *Villaume v. U.S. Department of Justice*, 804 F.2d 498, 499 (8th Cir.1986), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978) (sentencing not credited with time on appeal); *Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir.1974).

Whether time spent released on bail bond should be credited as time served has not yet been precisely addressed in the Third Circuit. However, the Court of Appeals has cited *Ortega* with approval: "[g]enerally, a defendant is not entitled to credit for time spent released on his own recognizance prior to entering prison." *United States v. Golden*, 795 F.2d 19, 21 (3rd Cir.1986) (sentence of convict at large under Witness Protection Program was illegal because indefinite as to when it was to begin).

Petitioner cites *Johnson v. Smith*, 696 F.2d 1334 (11th Cir.1983), as contrary authority. In *Johnson*, the court directed

that time spent in a federal community treatment center should be credited against petitioner's sentence. Petitioner was free on bond pending appeal of one conviction when he was arrested on a second charge. Petitioner was then required as a condition of his bond to spend nights in a community treatment center subject to conditions the government admitted were identical to those to which sentenced prisoners were subjected. The court held that it would be a denial of the equal protection component of the Fifth Amendment to deny petitioner credit for time spent under conditions identical to sentenced prisoners. However, petitioner was credited only with time he spent in the community treatment center after his first conviction and not the time when he was released on bail, whether before or after conviction. The court's opinion made clear its decision was *sui generis* on the facts and procedure of that case and denied it had precedential authority regarding the interpretation of § 3568. It also denied any inconsistency with *Daniel v. U.S.*, No. 81–2069 (D.Conn., 1981), *aff'd*, 661 F.2d 908 (2d Cir.1981), *Robles, supra, Ortega, supra,* or *Polakoff, supra.* Here, there is no equal protection issue. Herghelegiu was free on bond and not in a community treatment center during the time period at issue and he makes no claim that he was or is being treated differently than any other similarly situated individuals. *Johnson* is clearly distinguishable.

The meaning of "custody" under 18 U.S.C. § 3568 is clear. Petitioner's attempt to construe § 3568 in accordance with the more expansive definition of "custody" necessary to consider a habeas corpus petition is misplaced. Extrapolation of the habeas corpus meaning of "in custody" to 18 U.S.C. § 3568 has been explicitly rejected. *See Villaume v. U.S. Department of Justice,* 804 F.2d 498, 499 (8th Cir.1986); *Cochran v. U.S.* 489 F.2d 691 (1974). Herghelegiu's bail bond conditions are not significantly different from the conditions at issue in *Villaume;* the "custody" contemplated by § 3568 does not include the time a criminal defendant is free on bond.

Petitioner's Motion for Credit will be denied.