931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael JACOBS, Defendant-Appellant.
 No. 90-1173.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties to this appeal have waived oral argument. The case is therefore ordered submitted on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2.
 
 
 2
 The appellant, Rafael Jacobs, is currently serving a twenty-seven-month sentence of imprisonment for violation of 21 U.S.C. Sec. 846, conspiracy to possess with intent to distribute cocaine. Mr. Jacobs filed a pro se motion seeking credit for time spent at Independence House, a community treatment facility, while he was on bond awaiting trial. The district court denied the motion, and Mr. Jacobs now appeals that denial.
 
 
 3
 Mr. Jacobs claims that, because the terms of his conditional release placed limitations on his liberty, he is entitled to credit for time served under 18 U.S.C. Sec. 3568. In addition to being required to reside at Independence House, Mr. Jacobs was forbidden to leave the state of Colorado without court permission, was required to refrain from possessing a firearm or from excessive use of alcohol or any use of narcotics, was required to surrender his passport and refrain from obtaining another passport, and was required to be subject to random urinalysis.
 
 
 4
 We affirm the district court. This issue is squarely governed by United States v. Woods, 888 F.2d 653 (10th Cir.1989). In Woods, a defendant sought credit for pretrial time spent in precisely the same facility, Independence House. This court stated:
 
 
 5
 The statute governing credit for time served prior to trial provides in pertinent part:
 
 
 6
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 7
 (1) as a result of the offense for which the sentence was imposed....
 
 
 8
 18 U.S.C. Sec. 3585(b) (emphasis supplied)....
 
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 12
 For the purpose of calculating credit for time served under 18 U.S.C. Sec. 3585, "official detention" means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration. Although a criminal defendant is entitled to credit under 18 U.S.C. Sec. 3585 for time spent in detention prior to commencement of sentence, no such credit is allowed for time spent on conditional release.
 
 
 13
 Woods, 888 F.2d at 655 (citations omitted). This is the overwhelming majority rule. See, e.g., United States v. Figueroa, 828 F.2d 70 (1st Cir.1987); Villaume v. United States Dep't of Justice, 804 F.2d 498 (8th Cir.1986), cert. denied, 481 U.S. 1022 (1987); Cerrella v. Hanberry, 650 F.2d 606 (5th Cir.1981); United States v. Robles, 563 F.2d 1308 (9th Cir.1977), cert. denied, 435 U.S. 925 (1978). Under the clear rule of the Tenth Circuit, Mr. Jacobs is not entitled to credit for time served at Independence House while he was on conditional release.
 
 
 14
 This appeal is therefore DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3