Steven Lynn RAMSEY,
Petitioner–Appellant,

v.

Edward BRENNAN,
Respondent–Appellee.

No. 88–1145.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 1989.

Decided June 29, 1989.

Steven Lynn Ramsey, Oxford, Wis., pro se.

Sheree L. Gowey, Asst. U.S. Atty., Madison, Wis., for respondent-appellee.

Before CUMMINGS, CUDAHY, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Steven Lynn Ramsey, a federal prison inmate, claims that he should have received credit toward his prison sentence for the 96 days that he served in a halfway house before his criminal trial. Arrested by

agents of the FBI for bank robbery and related crimes, Ramsey was released on bail on various conditions, including that he remain in St. Andrews Halfway House in Lexington, Kentucky until trial. He was later convicted and sentenced to 9 years in prison. He asked the warden of the prison in Wisconsin where he is confined to credit his time in the halfway house toward his prison sentence. The warden refused, and after exhausting his administrative remedies Ramsey brought this action under the habeas corpus statute, 28 U.S.C. §§ 2241 *et seq.*; cf. *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir.1987).

Federal law provides that the "Attorney General shall give any [person sentenced to prison] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568. To a normal English speaker, even to a legal English speaker, being forced to live in a halfway house is to be held "in custody"; and the requirement of connection is satisfied here. Just the other day we affirmed in an unpublished order a judgment of conviction for escaping from a halfway house, under a statute which makes it a crime for anyone to escape or try to escape "from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General." 18 U.S.C. § 751(a); *United States v. Corcoran*, 876 F.2d 106 (7th Cir.1989). Finally, in *Johnson v. Smith*, 696 F.2d 1334 (11th Cir.1983), on which Ramsey relies heavily, the Eleventh Circuit held that it is a violation of equal protection (the principle of equal protection of the laws was held in *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), to be an implied term of the Fifth Amendment's due process clause) to deny credit for time spent in a halfway house before trial, since confinement in a halfway house after sentencing does not toll the period of one's sentence.

Despite all this, we agree with the government and the Fifth Circuit, see *United States v. Smith*, 869 F.2d 835 (5th Cir.1989), that "custody" in section 3568 does not include time spent in a halfway house awaiting trial. The word is a chameleon. In the habeas corpus statute itself "custody" includes being out on bail, see *Hensley v. Municipal Court*, 411 U.S. 345, 348–49, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973); see generally *Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989), and Ramsey does not argue that the Attorney General is required to give jail credit for bail time. See *United States v. Robles*, 563 F.2d 1308 (9th Cir.1977) (per curiam); *Sica v. United States*, 454 F.2d 281 (9th Cir.1971) (per curiam). The wording of the escape statute actually supports the government's argument here, since it distinguishes between "custody" on the one hand and confinement in any facility pursuant to an order of the Attorney General on the other. Ramsey was confined in the halfway house by direction of the Attorney General, but the escape statute implies that this may not have been custody.

In a halfway house ("residential community center" in bureaucratese) the inmate or resident is confined only at night, placing him in a twilight zone between prison and freedom. Whether such confinement should count as time served toward his prison sentence—whether the deprivation of liberty by confinement in a halfway house is sufficiently like prison to be treated the same in deciding how long the convicted criminal should serve—is not a question susceptible of rational determination, at least by tools of inquiry available to judges. It is a matter of judgment, or policy, or discretion, and we are fortunate in having a policy statement by the Bureau of Prisons which opines unequivocally that "Time spent in residence in a residential community center ... as a condition of bail or bond ... is not creditable as jail time since the degree of restraint provided by residence in a community center is not sufficient restraint to constitute custody within the meaning or intent of 18 U.S.C. 3568." BOP Policy Statement No. 5880.24(5)(b)(5). This is a reasonable opinion by officials having greater knowledge of federal penal policy than we judges have, so we are inclined to defer to it.

We are unpersuaded by the Eleventh Circuit's equal-protection analysis. Criminals sentenced to serve a part of their term in a halfway house rather than in a prison are not given credit for time served in the same sense in which Ramsey is seeking credit. They are merely beneficiaries of the Attorney General's discretionary authority to "designate as a place of confinement any available, suitable, and appropriate institution or facility," 18 U.S.C. § 4082(b) (since repealed), expressly including a halfway house, see § 4082(g). The legislative history of section 4082(g) indicates that Congress wanted to facilitate the re-entry of convicts into society by making the last stage of their confinement transitional—hence the apt name "halfway house." See S.Rep. No. 613, 89th Cong., 1st Sess. 2 (1965), U.S.Code Cong. & Admin.News 1965, p. 3076; *Brown v. Rison,* 673 F.Supp. 1505, 1510 (C.D.Cal.1987). That policy has no application to a prisoner moving in the opposite direction, like Ramsey.

We affirm the dismissal of Ramsey's action for habeas corpus. Since our decision creates a conflict with the Eleventh Circuit we have circulated the opinion in advance of publication to all the active circuit judges, none of whom has voted to hear the case en banc. See 7th Cir.R. 40(f).

AFFIRMED.