952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard Kendall ALLEN, Petitioner-Appellant,
v.
John T. HADDEN, Respondent-Appellee.
 No. 91-7062.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1991.
Decided Dec. 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. (CA-90-383-HC-D), Franklin T. Dupree, Jr., Senior District Judge.
 Martin B. Mulroy, Caspar F. Ewig, Hill, Rivkins, Loesberg, O'Brien, Mulroy & Hayden, New York City, for appellant.
 Margaret Person Currin, United States Attorney, Paul M. Newby, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The issue on appeal is whether appellant Allen is entitled to credit against his sentence for the time he spent in a Community Treatment Center (CTC) from December 29, 1988 to March 12, 1989. Appellant's confinement to CTC and the posting of a bail bond of $50,000 were required for his pretrial release. We find that this appeal is governed by Randall v. Whelan, 938 F.2d 522 (4th Cir.1991), and we affirm.
 
 
 2
 Allen was arrested on December 10, 1988 and charged with use of interstate commerce facilities in commission of murder-for-hire. On December 29, 1988, the magistrate judge allowed pretrial release subject to the posting of a $50,000 bond and the appellant residing at a "halfway house type facility Volunteers of America, 4601 E. Monument Street, Baltimore, Maryland." The order for release pending trial also provided:
 
 
 3
 The defendant shall be confined to the halfway house and not permitted to leave the facility for any reason except required court appearances; meetings with counsel to prepare his defense; and meetings with the Pretrial Services Officer. All of which is to be verified in advance by the Pretrial Services Officer. The defendant having waived identity hearing, he shall appear at such places and times as may be required or directed in the future by any judicial officer for the Eastern District of North Carolina.
 
 
 4
 This bond order was amended on January 20 and 26, 1989 to allow Allen to work, attend church services, attend Alcoholics Anonymous meetings and to keep medical appointments. The appellant remained in the CTC pursuant to the terms of his pretrial release order until he was tried, convicted, and committed to the custody of the United States Marshal Service on March 13, 1989. He is now an inmate at the Federal Correctional Facility at Butner, North Carolina.
 
 
 5
 The appellant filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit to his 50 month prison term of the time he spent at CTC. The district court denied this relief.
 
 
 6
 The present facts are quite similar to those we considered in Randall, so it is not necessary to go into a lengthy discussion of the circumstances under which confinement is considered "in custody" or "in official detention" as used in 18 U.S.C. §§ 3568 and 3585. In Randall, we found that the Bureau of Prison Program Statement, 5880.24(5) defining "in custody" for the purposes of awarding credit toward a sentence was " 'a reasonable opinion by officials having greater knowledge of federal penal policy than we judges have, so we are inclined to defer to it.' " Randall, 938 F.2d at 525 (quoting Ramsey v. Brennan, 878 F.2d 995, 996 (7th Cir.1987)) (denying credit for time spent in a halfway house). BOP Program Statement, 5880.24(5) provides that time spent in a residential community center as a condition of bail is not creditable as jail time. Allen was in such a center.
 
 
 7
 It is not wise for courts to consider each claim for credit on the basis of the "degree of restraint." Such an exercise would only lead to a tinkering or fine tuning by the court of BOP policies and "mire the judiciary in a swamp of factual and circumstantial details that would likely produce inconsistent and standardless decisions." Randall, 938 at 525.
 
 
 8
 AFFIRMED.