955 F.2d 40
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John DiSALVO, Petitioner-Appellant,
v.
Patrick WHELAN; Federal Bureau of Prisons, Respondents-Appellees.
 No. 91-7180.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1992.
Decided Feb. 25, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-90-651).
 Stephen Robert LaCheen, Stephen Robert Lacheen & Associates, Philadelphia, Pa., for appellant.
 Debra Jean Prillaman, Assistant United States Attorney, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John DiSalvo alleges that the district court incorrectly denied his 28 U.S.C. § 2241 (1988) petition challenging the computation of his sentences. We affirm the district court's final order.
 
 I.
 
 2
 On September 30, 1983, John DiSalvo was sentenced to serve eleven years in prison for violation of 21 U.S.C. § 846 (1988), proscribing distribution of methamphetamine, and 21 U.S.C. § 843 (1988), proscribing the unlawful use of a communications facility.[1] (Case I). After failing to report for service of his sentence, DiSalvo was finally taken into custody on May 14, 1987. On July 21, 1988, he pled guilty to 18 U.S.C. § 3146 (1988) for failing to surrender to serve his sentence, and was sentenced to a consecutive term of eighteen months in prison.[2] (Case II).
 
 
 3
 On July 11, 1989, DiSalvo's convictions for Case I were vacated and remanded based on a 28 U.S.C. § 2255 motion. See United States v. DiSalvo, 726 F.Supp. 596 (E.D.Pa.1989). Following a new trial, he was resentenced on Case I to an eight-year prison term effective the date of his original incarceration, May 14, 1987. The eighteen month sentence for Case II was deemed by the Bureau of Prisons ("BOP") as consecutive to the sentence in Case I.[3] As a result, DiSalvo was considered to have an aggregate sentence of nine and onehalf years.
 
 
 4
 After exhausting administrative remedies, DiSalvo filed this petition in district court challenging his new sentencing. Based on the record, the district court denied DiSalvo's petition.
 
 II.
 
 5
 DiSalvo contends that the BOP policy used to calculate his sentence is inapplicable to his situation. DiSalvo asserts that when his first conviction was vacated his valid eighteen month sentence should have been credited with time served on the voided sentence in Case I. This would result in the eighteen month sentence in Case II expiring prior to his retrial on the vacated conviction in Case I. As a result, DiSalvo alleges that the new eight year sentence for Case I is the only sentence he has left to serve. He contends it is correctly computed as beginning on his original date of incarceration, May 14, 1987.
 
 
 6
 The BOP applied agency policy (BOP Policy Statement 1330.4) and computed DiSalvo's sentence to be an aggregate of nine and onehalf years beginning on the original date of his incarceration. The BOP also determined that the sentence in Case II should run consecutively to the sentence in Case I. At issue is the propierty of the application of Policy Statement 1330.4.
 
 
 7
 BOP policy statements and their interpretations are entitled to deference, if reasonable. Ramsey v. Brennan, 878 F.2d 995, 996 (7th Cir.1989). Policy Statement 1330.4 reads, in pertinent part:
 
 
 8
 B. When the court effectively orders a nunc pro tunc beginning of the new sentence, we will honor the order and compute the term as though the term had begun on the date ordered ...
 
 
 9
 C. In the situation where the prior sentence was part of an aggregate, the same basic rules as outlined in paragraphs "A" and "B" will apply. However, when the court remains silent, and the resulting computation results in an obvious inequity by extending the full term date, the [BOP] will administratively construe the sentences to carry out the requirements set by the Supreme Court in North Carolina v. Pearce, 395 U.S. 711 (1969).
 
 
 10
 We agree with the government that this language applies to DiSalvo's case and supports the BOP's actions in computing DiSalvo's sentence.
 
 
 11
 It is worth noting that the BOP's interpretation is supported by more than just the language of Policy Statement 1330.4. Initially, such a view is wholly consistent with the expressed intent of the two courts that sentenced DiSalvo. In Case II the court ordered DiSalvo's sentence to run consecutively to the sentence in Case I. In Case I the court ordered that DiSalvo's sentence commence on May 14, 1987. The BOP interpretation is in accord with these express orders of the sentencing courts.
 
 
 12
 We also note that the BOP's interpretation is in harmony with relevant statutory sentencing requirements. Under 18 U.S.C. § 3568 (repealed 1987), DiSalvo was entitled to credit for time served on the sentence in Case I from the date he was initially incarcerated (May 14, 1987). Moreover, 18 U.S.C. § 4161 (repealed 1987) states that "[w]hen two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction [for good time credit] shall be computed." Thus, under § 4161, DiSalvo's consecutive sentences should be aggregated (to nine and one-half years) to compute his good time credit. Furthermore, under 18 U.S.C. § 3146, the statute upon which DiSalvo was sentenced in Case II, his sentence in that case was required to run consecutively.
 
 
 13
 Finally, we note that the BOP's computation of DiSalvo's sentence serves "common sense and fundamental fairness." Thacker v. Garrison, 527 F.2d 1006, 1008 (4th Cir.1975). See also United States v. Markus, 603 F.2d 409 (2d Cir.1979). That is, if we adopt DiSalvo's argument, he would not have to serve any additional time on his sentence in Case II, despite the order that his sentence run consecutively. In effect, he would receive double credit on Cases I and II. We cannot countenance such a result.
 
 
 14
 Therefore, we affirm the district court denial of DiSalvo's § 2241 petition. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 DiSalvo was tried and sentenced in the federal district court for the Eastern District of Pennsylvania. He is incarcerated in a Virginia federal prison
 
 
 [2]
 The Sentencing Guidelines are not applicable because DiSalvo's crimes were committed prior to November 1, 1987
 
 
 [3]
 The district court which resentenced DiSalvo did not explicitly address the eighteen-month sentence. The Federal Bureau of Prisons computed DiSalvo's sentences