986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy R. YOUNG, Petitioner/Appellant,
v.
Patrick KEOHANE,** Respondent/Appellee.
 No. 91-3629.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1993.*
Decided Feb. 24, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Timothy R. Young appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus and motion to proceed in forma pauperis. Young is confined at the United States Penitentiary at Terre Haute, Indiana. He claims that, pursuant to 18 U.S.C. § 3568, he should have received credit toward his prison sentence for the 112 days that he served in a halfway house before his criminal trial. He also claims that it is a violation of equal protection to deny credit for time spent in a halfway house before trial. Young asked the warden of the prison to credit his time in the halfway house toward his prison sentence, and the warden refused. After exhausting his administrative remedies Young brought this action under the habeas corpus statute, 28 U.S.C. § 2241. Young, also claiming pauper status, filed a motion to proceed in forma pauperis.
 
 
 2
 The district court sua sponte held that Flick's motion was frivolous under 28 U.S.C. § 1915(d), reasoning that this circuit squarely rejected Young's claims in Ramsey v. Brennan, 878 F.2d 995 (7th Cir.1989). The court concluded that, in light of this controlling precedent, Young could make no rational legal argument in support of his claims. Accordingly, the court denied the motion to proceed in forma pauperis and dismissed, with prejudice, the petition for the writ. The district court denied Young leave to appeal in forma pauperis. Young then paid the filing fee.
 
 
 3
 We review the district court's denial of Young's request to proceed with his suit in forma pauperis for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court did not abuse its discretion in denying Young's request if Young can make no rational argument in law or fact to support his claim. Nietzke v. Williams, 490 U.S. 319, 325 (1989); Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 757 (7th Cir.1988) (quoting Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir.1983)). This requires us to examine Young's substantive complaint to determine whether it states an arguable basis for relief. Since Young filed his complaint pro se, we construe it liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Richardson v. Penfold, 839 F.2d 392, 394 (7th Cir.1988).
 
 
 4
 The district court correctly concluded that Young's complaint does not state an arguable basis for relief. Young relies on a case decided by the Ninth Circuit, Brown v. Rison, 895 F.2d 533 (9th Cir.1990), in support his claim that § 3568 entitles him to jail credit, and a case decided by the Eleventh Circuit, Johnson v. Smith, 696 F.2d 1334 (11th Cir.1983), in support of his equal-protection claim. In Ramsey, we expressly rejected the equal-protection analysis employed by the Eleventh Circuit in Johnson. 878 F.2d at 997. Further, we rejected the position later adopted by the Ninth Circuit in Brown by holding that confinement in a halfway house is not sufficient restraint to constitute "custody" within the meaning of § 3568 and, therefore, time spent in a halfway house is not creditable as jail time. Id. at 996.
 
 
 5
 Given this court's decision in Ramsey, Young's claim is "based on an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. The claims raised by the appellant in Ramsey, and rebuffed by this court, are identical to those raised by Young. And Young makes no argument that would persuade us to revise our decision in Ramsey. The district court appropriately identified Ramsey as a complete bar to relief, and correctly concluded that Young's claim was "frivolous" for purposes of a dismissal under 28 U.S.C. § 1915(d).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 Patrick Keohane, who is currently the warden at the United States Penitentiary in Terre Haute, Indiana, has been substituted for T.R. Kindt, who was the warden at the time this appeal was docketed. See Fed.R.App.P. 43(c)(1)