**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 7, 2006[*]
Decided September 29, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-1101

| | |
|---|---|
| RONALD T. SCHAEFER, | Appeal from the United States |
| *Petitioner-Appellant,* | District Court for the Southern |
| | District of Indiana, |
| *v.* | Terre Haute Division |
| MARK A. BEZY, Warden, | No. 2-05-CV-288 |
| *Respondent-Appellee.* | |
| | Larry J. McKinney, Chief Judge |

**ORDER**

Ronald Schaefer filed a petition for a writ of mandamus in the Southern District of Indiana on December 14, 2005. Schaefer asked the district court to give him credit for his time at the Volunteers of America, a halfway house, after sentencing but prior to his voluntary surrender to federal prison. His petition was denied on December 30, 2005 for lack of jurisdiction. Schaefer had previously filed a petition for a writ of habeas corpus, which the district court denied. *Schaefer v.*

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*Bezy*, 2:05-CV-147-LJM-WTL (S.D. Ind. Sept. 21, 2005). The court construed the petition for a writ of mandamus as a petition for a writ of habeas corpus and determined that Schaefer raised the same argument in both of the petitions. The court then concluded that it lacked jurisdiction pursuant to 28 U.S.C. § 2244(a) which bars successive petitions. As discussed more fully below, we affirm the judgment of the district court.

## BACKGROUND

Schaefer was convicted by a jury in April 2000 of five counts of fraud in connection with the sale of Walt Disney animation cells. *United States v. Schaefer*, 291 F.3d 932, 934-35 (7th Cir. 2002) ("*Schaefer I*"). One count was subsequently vacated by the district court. *Id.* at 934. He was sentenced on January 3, 2001 to thirty-seven months of imprisonment.

On direct appeal, the Seventh Circuit vacated Schaefer's sentence and remanded the case for resentencing. *Id.* at 943-45. This Court found that the district court erred in failing to make specific findings regarding the amount of loss caused by Schaefer's criminal behavior. On remand, the district court used a different sentencing methodology but arrived at the same result and again sentenced Schaefer to thirty-seven months of imprisonment. *United States v. Schaefer*, 384 F.3d 326, 330 (7th Cir. 2004) ("*Schaefer II*").

Schaefer appealed again based on the United State Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2002). This Court reversed Schaefer's sentence and remanded the case once more for resentencing. *Schaefer II*, 384 F.3d at 338.

On October 4, 2004, the district court ordered Schaefer released on bond pending the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). In light of *Booker*, the district court again sentenced Schaefer to thirty-seven months of imprisonment. *United States v. Schaefer*, IP 99-1090CR-01-D-B/F, Amended Judgment in a Criminal Case. On May 26, 2005, Schaefer returned to the custody of the Bureau of Prisons.

On June 17, 2005, Schaefer filed a petition for writ of habeas corpus in the Southern District of Indiana. *Schaefer v. Bezy*, Cause Number 2:05-cv-147-LJM-WTL. Schaefer asserted that he had "already served more time in custody than is consistent with the [April 29, 2005 Judgment Order]." Schaefer had spent forty-one days from January 8, 2003 to February 17, 2003 at a Volunteers of America, a halfway house or community corrections center, after he was sentenced but before

he surrendered to the federal prison. He sought credit for this time. The district court rejected this argument finding that the time spent in the halfway house was not time "spent in official detention" and therefore concluding that the Federal Bureau of Prisons did not err in calculating his sentence. *Schaefer v. Bezy*, Cause Number 2:05-cv-147-LJM-WTL, Entry dated Sept. 21, 2005. Schaefer sought reconsideration of the district court's decision, but the district court denied the Rule 59 motion. Schaefer then sought reconsideration of the decision denying his motion to reconsider, and that motion was also denied.

On December 14, 2005, Schaefer filed a "Petition for a Writ of Mandamus." The district court construed this petition as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and then dismissed it for lack of jurisdiction. Schaefer appeals the district court's decision.

## DISCUSSION

The district court correctly viewed Schaefer's December 14, 2005 petition for a writ of mandamus as a petition for a writ of habeas corpus. Schaefer's petition for writ of mandamus challenged the duration of his confinement. As this Court held in *United States v. Lloyd*, 398 F.3d 978 (7th Cir. 2005), the substance, not the name, of the petition controls.

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id*. at 980; *see also Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005). Therefore, Schaefer's December 14, 2005 petition should be construed as a second petition for a writ of habeas corpus.

The district court also was correct to dismiss Schaefer's December 14, 2005 petition for lack of jurisdiction. In the December 14, 2005 petition, Schaefer asserted that the forty-one days that he spent at the Volunteers of America facility should count toward his thirty-seven month term of imprisonment. Schaefer made the same argument in his earlier petition for writ of habeas corpus, and the court rejected it. *Schaefer v. Bezy*, 2:05-cv-147-LJM-WIL (S.D. Ind. Sept. 21, 2005). 28 U.S.C. § 2244(a) bars successive petitions pursuant to 28 U.S.C. § 2241, which are directed at the same issue. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *see also George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995); *United States v.*

*Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994). The district court's denial of Schaefer's December 14, 2005 petition was therefore proper under § 2244(a).

Assuming arguendo that the district court has jurisdiction to decide Schaefer's successive petition, Schaefer's petition would still fail on the merits. Relying on *Ramsey v. Brennan*, 878F.2d 995, 996 (7th Cir. 1989), the district court concluded, with respect to the habeas petition of June 17, 2005, that "Schaefer's confinement in a halfway house from January 8, 2003, through February 17, 2003, was not 'time spent in official detention'." *Schaefer v. Bezy*, 2:05-cv-147-LJM-WIL (S.D. Ind. Sept. 21, 2005). Schaefer attempts to distinguish *Ramsey* in his brief by arguing that the nature of his confinement, namely 24-hour lockdown, was sufficiently different than that of the petitioner in *Ramsey*, and therefore, he should receive credit for this time. Appellant's Brief at 7. As the appellee correctly points out, *Reno v. Koray*, 515 U.S. 50 (1995), controls. In that case, the Supreme Court held that time spent at a Volunteers of America facility was not "'official detention' within the meaning of 18 U.S.C. § 3585(b)." *Koray*, 515 U.S. at 65. In fact, the Supreme Court specifically rejected the petitioner's request to assess each case individually to determine whether the time spent in a halfway house was "jail-type confinement" deserving of credit. *Id.* at 64. Schaefer is not entitled to time credit for the forty-one days that he spent at the Volunteers of America facility prior to his imprisonment. Therefore, although the matter is not properly raised by this successive petition, the Federal Bureau of Prisons did not err in declining to credit Schaefer for his time spent at the Volunteers of America facility.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.