**UNITED STATES of America, Appellee,**

v.

**Joseph G. ZACKULAR, Defendant, Appellant.**

No. 91–1482.

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1991.

Decided Sept. 24, 1991.

John C. McBride with whom McBride, Wheeler & Widegren, was on brief, Boston, Mass., for defendant, appellant.

S. Theodore Merritt, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, Boston, Mass., for appellee.

Before BREYER, Chief Judge, and ALDRICH and SELYA, Circuit Judges.

SELYA, Circuit Judge.

Defendant-appellant Joseph G. Zackular asked the district court to credit, towards time to be served, a period of months that Zackular spent in home confinement after imposition of sentence but before his surrender at the designated correctional institution. The district court demurred. Zackular appeals. We affirm.

## I.

### Background

Because of the limited scope of the legal issues presented in this appeal, we omit any exegetic account of the events leading up to the defendant's sentencing. It suffices to mention that, pursuant to a negotiated plea agreement, the government filed a criminal information in the district court on November 1, 1990, charging the defendant with conspiracy to transmit a threat in interstate commerce in violation of 18 U.S.C. § 371 (1988). As agreed, the defendant pled guilty. The court accepted the plea. On January 10, 1991, the court sentenced the defendant to, *inter alia*, a 30–month term of imprisonment. The court permitted self-surrender, designating February 18, 1991, as the surrender date.

Claiming that a knee injury required surgery and then rehabilitation, the defendant moved to extend the time for self-surrender to June 1. In his motion papers, Zackular volunteered that, if the motion were granted, he would be willing to remain in home confinement until the new surrender date. On February 15, 1991, the district court obliged, enlarging the time for surrender to June 1, subject to home confinement (except for physical therapy appointments). On March 29, 1991, the defendant sought to have the time at home credited against his impending sentence. The district court denied the motion.

**424**

## II.

### Analysis ·

We bifurcate our analysis, first considering the district court's power to effectuate a time-served credit. Finding judicial power, we proceed to consider the court's refusal to exercise its power in the circumstances at bar.

### A.

#### Judicial Power

■ As an initial matter, we reject the government's contention that the authority to credit time against a defendant's sentence rests exclusively with the Attorney General. The controlling statute provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed. . . .

18 U.S.C. § 3585(b) (1988). This statute replaced 18 U.S.C. § 3568 (*repealed by* Sentencing Reform Act of 1984, Pub.L. 98–473, tit. II, 212(a), 98 Stat. 1987, 2001 (1984)), which stated in relevant part that "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. . . ." The legislative history of section 3585 does not discuss why the earlier reference to the Attorney General was scrapped.

We recently commented that, given the absence of legislative history indicating the contrary, the omission of a reference to the Attorney General in section 3585 should be interpreted as reflecting Congress' intention to withdraw its exclusive delegation to

the Attorney General and, instead, to vest power to credit sentences in the district court. *United States v. Benefield*, 942 F.2d 60, 67 n. 7 (1st Cir.1991) (dictum). We were unconvinced then, and remain unconvinced today, by the argument, espoused by some other courts, *see, e.g., United States v. Herrera*, 931 F.2d 761, 764 (11th Cir.1991) (per curiam); *United States v. Brumbaugh*, 909 F.2d 289, 291 (7th Cir. 1990); *cf. United States v. Woods*, 888 F.2d 653, 654 (10th Cir.1989) (assuming continuing power of the Attorney General to credit sentences under section 3585), *cert. denied*, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990), that Congress' deletion of any reference to the Attorney General is a meaningless datum. Where, as here, Congress has made a material change in the language of a statute, we will not use the lack of explicit legislative history to contradict what appears to be the plain meaning of that change—especially when following the letter of the statute produces a perfectly workable result. We conclude, therefore, that the district court had power to grant the instant motion.[1]

### B.

#### The Merits

■ We turn now to the defendant's contention that he should be given credit towards his sentence for time spent in home confinement. This circuit has previously interpreted the term "custody" in 18 U.S.C. § 3568 (repealed), the predecessor to section 3585, as requiring incarceration as a precondition to credit. *See United States v. Figueroa*, 828 F.2d 70, 71 (1st Cir.1987) (per curiam) (pretrial release on bond does not count as custody for credit against sentence). For the most part, other courts have treated the term "official detention" under section 3585 as comparable to "cus-

---

1. This case, like *United States v. Benefield, supra*, does not require that we resolve a further split in the circuits and declare whether the power to grant credit under 18 U.S.C. § 3585(b) is the sentencing court's exclusive prerogative or is shared concurrently by the court and the Attorney General. *Compare United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir.1990) (under section 3585, the authority to grant credit is

vested exclusively in the courts), *petition for cert. filed*, (U.S. May 13, 1991) (No. 90–1745) *with United States v. Beston*, 936 F.2d 361, 363 (8th Cir.1991) (per curiam) (authority to grant credit under 18 U.S.C. § 3585 is vested concurrently in the Attorney General and the district court) *and United States v. Chalker*, 915 F.2d 1254, 1258 (9th Cir.1990) (same). Hence, we leave that perplexing question for another day.

tody" under section 3568, and have interpreted both terms to require actual incarceration before allowing time-served credits. *See United States v. Insley,* 927 F.2d 185, 186 (4th Cir.1991); *United States v. Woods,* 888 F.2d at 655; *see also United States v. Freeman,* 922 F.2d 1393, 1397 (9th Cir.1991) (custody under section 3568 requires physical confinement); *Mieles v. United States,* 895 F.2d 887, 888 (2d Cir. 1990) (same); *Ramsey v. Brennan,* 878 F.2d 995, 996 (7th Cir.1989) (same); *United States v. Smith,* 869 F.2d 835, 837 (5th Cir.1989) (similar). *But cf. Moreland v. United States,* 932 F.2d 690, 692 (8th Cir. 1991) (time spent at halfway house counts as official detention under section 3585).[2]

We do not believe that the "official detention" requirement of section 3585 can be fulfilled by home confinement. While a defendant's movement may be severely curtailed by the conditions of his home confinement, it cannot seriously be doubted that confinement to the comfort of one's own home is not the functional equivalent of incarceration in either a practical or a psychological sense. In the circumstances of this case—where the defendant affirmatively sought the right to self-surrender, and then, bent on deferring the start of his prison term, offered to subject himself to home confinement—allowing the defendant credit for time spent confined to his residence prior to self-surrender would, in essence, allow the defendant to choose the place and manner of his confinement. Such a ruling would not only be inconsistent with statutory law and the clear weight

of authority, but would fly in the teeth of common sense.[3]

The sockdolager is found in the very structure of the statute. *See Chapman v. United States,* —— U.S. ——, ——, 111 S.Ct. 1919, 1924, 114 L.Ed.2d 524 (1991) (the overall structure of a statute may be used as a guide to interpreting the statute); *United States v. Mena,* 933 F.2d 19, 27 (1st Cir.1991) (similar). Here, section 3563, entitled "Conditions of Probation," appears in subchapter B, entitled "Probation," of title 18, chapter 227. Section 3563 sets forth a detailed list of conditions which may be imposed upon a defendant incident to probation. Home confinement is specifically listed as an acceptable condition of probation. By contrast, subchapter D of chapter 227, entitled "Imprisonment," in which section 3585 is located, offers no corresponding list of acceptable alternatives to incarceration. We think the fact that home confinement is included as a condition of probation, but not as a substitute for incarceration, persuasively indicates that Congress considered home confinement not to be the equivalent of immurement, ergo, not to come within the ambit of "official detention."

### III.

### *Conclusion*

We need go no further. Although the district court has power to issue time-served credits under 18 U.S.C. § 3585(b), it had no obligation to do so here. Simply put, the conditions of the defendant's self-promoted home stay did not rise to the

---

**2.** We note that on July 29, 1991, the Eighth Circuit granted rehearing on *Moreland* and has vacated the opinion for the time being. We also note that a panel of the Ninth Circuit has ruled that pretrial release on bond at a residential treatment facility under conditions requiring enrollment and no outside contact from 7 p.m. to 5 a.m. constituted custody for purposes of credit under section 3568. *Brown v. Rison,* 895 F.2d 533, 536 (9th Cir.1990). The case appears to have limited precedential force, however, even in the circuit of its origin. *See Freeman,* 922 F.2d at 1397 (distinguishing *Brown* ); *see also United States v. Browning,* 761 F.Supp. 681, 684 (C.D.Cal.1991) (refusing to follow *Brown* in a case involving home confinement but no "coercive institutional supervision"). A district

court in this circuit has also held, with respect to a pretrial detainee, that time spent under house arrest, wearing an electronic bracelet, counts as official detention under section 3585. *See United States v. Londono–Cardona,* 759 F.Supp. 60, 63 (D.P.R.1991). We think the case was wrongly decided.

**3.** Moreover, in Zackular's case, we note that such an outcome would also do violence to the federal sentencing guidelines, which prohibit the use of sentencing alternatives, such as home confinement, in cases in which the minimum guideline sentence exceeds ten months. *See* U.S.S.G. § 5C1.1(f), comment. (n. 8).

level of "official detention" for purposes of section 3585(b).[4]

*Affirmed.*

---

**4.** While home confinement cannot be used to satisfy the "official detention" component of a defendant's sentence under section 3585, a district judge may consider time spent in home confinement, either as a pretrial detainee or after conviction but prior to sentencing, as a factor in determining where, within the appropriate guideline range, to set a defendant's sentence.