**UNITED STATES of America**

v.

**Christine L. MERRITT.**

**Cr. No. 91–10117–Y.**

United States District Court, D. Massachusetts.

Jan. 22, 1992.

Duane Deskins, Asst. U.S. Atty., Boston, Mass., for U.S.

Robert Richman, Office of Public Defender, Boston, Mass., for Merritt.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The defendant, Christine Merritt ("Merritt"), has filed a motion requesting credit towards her federal sentence for time served in the prisons of the Commonwealth of Massachusetts. The motion is properly before this Court pursuant to 18 U.S.C. § 3585 (1985).[1] This Court has the authority to entertain such a motion and to grant it in appropriate circumstances. *United States v. Zackular,* 945 F.2d 423, 424 (1st Cir.1991).

The key facts are these: Merritt committed certain Massachusetts crimes in June and October, 1990, received suspended sentences, and was placed on probation by a Massachusetts state court. On December 18, 1990, she sold a stolen firearm in violation of 18 U.S.C. § 922(i), a federal offense for which she was indicted in April, 1991, arraigned on May 2, 1991, and released on an unsecured bond. On May 23, 1991, Merritt was arrested on new state drug charges and a state probation violation warrant. She was then held in custody by Massachusetts authorities because of these charges. On May 30, Merritt's probation was revoked and she commenced serving the state sentences that had originally been suspended. On July 25, 1991, a justice of the Fitchburg District Court sentenced Merritt on the new state drug charges, such sentence to run concurrently with the state sentences she was then serving. The District Court Justice credited Merritt with 51 days, which had accrued while she was held in custody, toward the service of her sentence on these new charges. In sum, therefore, Merritt remained in state custody until November 13, 1991 when she commenced serving her federal sentence. In the instant motion, Merritt seeks to have the time spent in state custody since May 23, 1991, credited to her federal sentence.

Section 3585 is a fairly straightforward statute that expresses the Congressional mandate that every day an offender is deprived of her liberty by state action ought count toward the service of the federal penal sanction but that, generally, there ought be no double counting. In order to receive credit for the state time served prior to November 13, 1991, Merritt must satisfy the requirements of either section 3585(b)(1) OR (b)(2), AND she must not have already received credit towards some other sentence for the time she was held in custody.

In order to satisfy sub-section (b)(1), the state and federal offenses must be related. In this case, they are not. Accordingly, Merritt's reliance on *United States v. Benefield,* 942 F.2d 60, 66–67 (1st Cir.1991), is misplaced. In *Benefield,* the state and federal sentences stemmed from the same series of events. Accordingly,

---

1. The statute provides:

§ 3585. Calculation of a term of imprisonment

  (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

  (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

  (1) as a result of the offense for which the sentence was imposed; or

  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585 (1985).

section 3585(b)(1) would appear to be the linchpin of the analysis in that case, though the decision nowhere expresses any such limitation. Here, Merritt is not entitled to credit for time served, at least on the basis of (b)(1).

As for sub-section (b)(2), Merritt was originally arrested for two state offenses committed in June and October of 1990. She received suspended sentences for those offenses. When Merritt violated the terms of her probation stemming from those offenses, however, she was arrested and began to serve those sentences on May 30, 1991. Accordingly, from May 30 until July 25, 1991, Merritt was not serving time for the new state drug offenses for which she was arrested after committing the federal offense. Sub-section (b)(2) thus does not apply to this period.

What is more, the justice of the Fitchburg District Court granted Merritt a credit of 51 days for the time she had been held prior to her July 25, 1991 sentencing on the new drug charges. In light of the final phrase of sub-section (b), that time cannot also be double credited towards the federal sentence. On this ground as well, therefore, Merritt is not entitled to credit for the period of 51 days prior to July 25, 1991, when she was held in state custody.

It appears, therefore, that Merritt has already received single or double credit against one or more state convictions for the period of time commencing on May 30, 1991, and for every day thereafter until she was taken into federal custody on November 13, 1991. That is, on May 30, Merritt commenced serving the originally suspended sentences on the original drug convictions, and on June 4 she commenced serving the 51 days, concurrently, that were credited to her on July 25, 1991 as part of the sentence on the new drug convictions. This leaves the seven days from May 23 to May 30 unaccounted for with respect to any sentence. The government argues that these days are "dead time" inasmuch as Merritt was picked up on May 23 on a state probation violation warrant. This detention pertained to a state sentence unrelated to the federal offense (thus outside the reach of sub-section [b][1]) committed before that federal offense (thus likewise outside the reach of sub-section [b][2]). Merritt counters that the primary reason she was held in custody after May 23 was the commission of the new drug offenses for which she was arrested *after* commission of the federal offense. She thus claims that, at a minimum, she qualifies for seven days credit under sub-section (b)(2). This Court disagrees.

First, the reasoning of *Benefield* ought, in the view of this Court, be confined to the sub-section (b)(1) situation in which the state and federal offenses are related. That situation does not obtain here. Second, while Merritt's statutory argument would be persuasive had she been held on the new drug charges alone (as she was arrested for these offenses after the federal offense had taken place), it collapses in light of the imposition of the originally suspended state sentence on May 30, 1991. This Court rules that sub-section (b)(2) has no application to this situation in which one of the sentences which holds a defendant in custody is a sentence which follows an arrest which predates the commission of the relevant federal offense. To construe the statute as liberally as Merritt would have the Court do here would occasion strikingly anomalous results. For instance, a defendant arrested on a state charge who later commits a federal offense would get no credit even if these were the only two offenses of record. In contrast, a defendant like Merritt, on probation under a suspended state sentence, who initiates a subsequent crime spree including a federal offense, followed by unrelated state offenses and who is ultimately arrested on both a probation violation warrant and on the new state charges, could claim the sub-section (b)(2) credit. Congress did not intend such a whimsical result.

In sum, Merritt's circumstances do not fit either sub-section (b)(1) or (b)(2). As a matter of statutory interpretation, Merritt's motion for credit for time served must be, and hereby is, DENIED.