**UNITED STATES of America**

v.

**Lyn WHITE.**

**Crim. No. 90–10231–H.**

**Civ. A. No. 92–10274–H.**

United States District Court,
D. Massachusetts.

March 16, 1992.

---

William P. Stimson, Asst. U.S. Atty., Boston, Mass., for U.S.

J.L. Pottenger, Jr., The Jerome N. Frank Legal Services Organization, New Haven, Conn., Charles McGinty, Federal Defender Office, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Petitioner Lyn White has petitioned this Court for a Writ of Habeas Corpus, 28 U.S.C. § 2241, and has filed a Motion to Correct Sentence by a Prisoner in Federal Custody, 28 U.S.C. § 2255. The petitioner requests that this Court order the United States Bureau of Prisons to credit her eighteen-month sentence, earlier imposed by this Court, with the six months and twenty-one days she spent as an in-patient at the Spectrum House drug rehabilitation facility, pursuant to the terms of a conditional pre-trial release ordered by Magistrate Judge Collings. The petitioner asserts that the Bureau's failure to credit her time spent at Spectrum House against the sentence imposed by this Court constitutes a violation of 18 U.S.C. § 3585.

At issue is the applicability of 18 U.S.C. § 3585(b)[1] which states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed ... (emphasis supplied)

The petitioner asserts that her time spent in Spectrum House amounted to "official detention" under the statute. As support for this position the petitioner stated that while at Spectrum House she was *inter alia* under constant supervision, her movements were restricted to two buildings on the grounds of the facility and that whatever limited forms of contact she was allowed with her family were always monitored by a counselor.

There can be no dispute that in-patients at Spectrum House are subjected to rigorous regimentation and oversight. The petitioner concedes, however, that the conditions to which she was subjected while an in-patient were no more nor less strict than those imposed upon other Spectrum House in-patients who voluntarily enrolled in its program.

Furthermore, it was understood by all parties both at the time of the petitioner's admission to the twenty-one day program and to the subsequent six-month program that her admission to Spectrum House was a *condition of pre-trial release.* The Magistrate had declined to confine the petitioner to a penal institution as the government originally sought. While the Magistrate's ruling may not have been the "release" the petitioner sought, it likewise was not incarceration in a penal institution.

The petitioner asserts, however, that because Spectrum House was more restrictive than the halfway house in which she currently resides, for which she does receive time credit from the Bureau of Prisons, it would be illogical not to credit her with the time spent in Spectrum House. Yet, home confinement, such as was ordered in *Zackular*[2], is often more restric-

**1.** At the time of the petitioner's sentencing on March 6, 1991, this Court ruled as a matter of law that it had no jurisdiction to order the Bureau of Prisons to credit the petitioner's time served in Spectrum House towards her sentence. This Court did, however, state that it would "recommend" to the Bureau "that the time spent in Spectrum House be taken into consideration in determining how much of a sentence the defendant White should serve."

Subsequently, on September 24, 1991 the First Circuit ruled in *United States v. Zackular*, 945 F.2d 423 (1st Cir.1991), that a District Court does, in fact, have the authority to order such an action. It is an unsettled question whether the First Circuit's decision in *Zackular* can or should be applied retroactively to this case. For the purposes of this motion, however, this Court need not address this question of retroactivity, because, for the reasons set forth in the body of this opinion, this Court re-affirms its prior decision that time spent in Spectrum House prior to trial does not constitute "official detention" within the meaning of the statute.

**2.** In *Zackular*, the defendant entered an agreed-upon plea of guilty and was sentenced on January 10, 1991. *U.S. v. Zackular*, 945 F.2d at 423. The District Court, however, allowed the defendant to self-surrender on February 18, 1991. *Id.* Prior to his appointed surrender date the defen-

tive than time spent in a halfway house, nonetheless, the First Circuit explicitly ruled that home confinement does not constitute official detention within the meaning of Section 3585. *United States v. Zackular*, 945 F.2d at 425.

Pre-trial release conditions can be and often are quite restrictive. Nevertheless, the defendant is "released" as opposed to being incarcerated. The fact that one of the conditions placed upon the petitioner's release in this case was that she be admitted as an in-patient at a drug treatment facility does not change this analysis. She has been "released" and is thus no more in "official detention" than one placed in home confinement as a condition to his/her release. As a result she is no more entitled to credit against her sentence than was the petitioner in *Zackular*.

The structure of the statute itself clearly indicates that admission as an in-patient in a drug treatment facility does not constitute "official detention" within the meaning of the statute. *See United States v. Zackular*, 945 F.2d at 425. As the *Zackular* court noted, Subchapter B of chapter 227 of Title 18 is entitled "Probation." Section 3563, entitled "Conditions of Probation," which details conditions which may be placed upon a defendant incident to probation, is contained within this subchapter. Specifically included in this list of conditions is Section 3563(b)(10) which states that the defendant may be ordered to "undergo available medical, psychiatric, or psychological treatment, *including treatment for drug and alcohol dependency*, as specified by the court, *and remain in a specified institution if required for that purpose*." (Emphasis supplied). Title 18, chapter 227, subchapter D, entitled "Imprisonment," under which falls the disputed Section 3585, sets forth *no* corresponding list of acceptable alternatives to incarceration.

Following the logic of the court in *Zackular*, the fact that placement in a drug treatment center is included as a condition for probation but not as a substitute for incarceration "persuasively indicates" that Congress did not consider placement in a drug treatment center to be the equivalent of incarceration and therefore it would not fall within the scope of the term "official detention" as used in Section 3585(b).[3] Thus, the petitioner is not entitled to have her time at Spectrum House credited against her sentence.

For the reasons set forth above, the petitioner's Petition for Habeas Corpus and Motion to Correct Sentence are hereby DENIED.

SO ORDERED.

---

dant, claiming that he required knee surgery, requested that the court enlarge his time for self-surrender to June 1, 1991. *Id.* In support of his motion, the defendant stated that he would be willing to remain in home confinement. *Id.* The court granted defendant's request, subject to the condition of home confinement. *Id.* On March 29, 1991, the defendant sought to have his time at home credited against his impending sentence, pursuant to 18 U.S.C. § 3585. *Id.* The court denied his motion and this denial was affirmed by the Court of Appeals. *Id.*

**3.** Indeed, the logic of the First Circuit's ruling is more compelling in this case than in the *Zackular* case itself. Here, the petitioner was ordered to Spectrum House as a condition of *pre-trial* release whereas in *Zackular* the defendant was ordered to home confinement *post-sentencing*. *See* fn. 2, *supra*. Clearly, if a condition of home confinement imposed post-sentencing should not be credited against prison time served, it is difficult to see how a conditional release pretrial, at which point the defendant has yet to be convicted, should be applied against prison time imposed.

In a case more factually analogous to the one at bar than *Zackular*, the District Court of Puerto Rico held that a pre-trial release condition which required that the defendant be placed under twenty-four-hour house arrest and be made to wear an electronic ankle bracelet constituted "official detention" under 18 U.S.C. § 3585(b). *United States v. Londono–Cardona*, 759 F.Supp. 60 (D.P.R.1991). These conditions are *at least* as restrictive as the ones placed on the petitioner in this case, yet the First Circuit explicitly stated "[w]e think the [*Londono–Cardona*] case was wrongly decided." *Zackular*, 945 F.2d at 425 fn. 2.