UNITED STATES, Appellee,

v.

Barbino TORRES, Defendant, Appellant.

No. 91–1161.

United States Court of Appeals,
First Circuit.

Heard Nov. 5, 1991.

Decided March 30, 1992.

Edward F. Grourke, Providence, R.I., by Appointment of the Court, with whom Finan & Grourke was on brief, for defendant, appellant.

Zechariah Chafee, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief, for appellee.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

BREYER, Chief Judge.

Barbino Torres appeals his conviction and sentence for conspiring to distribute, and distributing, approximately 124 grams of cocaine. 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. We find the arguments that he raises on this appeal unconvincing, and we affirm the district court's judgment.

## I

### The Evidence

■ Torres says that the evidence introduced against him at trial was insufficient to warrant conviction. We disagree. The evidence against Torres consisted primarily of testimony by two drug enforcement agents and a tape recording. One of the agents, Russell Holske, testified that, on March 26, 1990, at a tailor shop where Torres worked, Holske bought an eighth of an ounce of cocaine from Luis Arias, the shop's owner. Torres was in the shop at the time, but he did not participate in the sale. About one week later, on April 4, Holske returned to the shop and said to Arias, "I would like the same thing as I had last time." After discussing price, Holske handed $3300 to Torres, who counted it, returned the money to Holske, and left the shop.

The second agent, Robert Botelho, waiting outside, saw Torres drive away and return to the shop forty minutes later with another man. Holske added that, after Torres and the man reentered the shop, the man handed a bag to Torres. Torres, in turn, handed the bag to Holske. The bag contained cocaine.

The government also introduced a tape recording of a conversation among Holske, Torres, and Arias. One can hear Holske say, "I got a lot of bills, small ones," Arias say "thirty-three," and Torres say "thirty-one," and "count the money."

Torres testified and told a different story. He said that he did not know about the drugs. He said that the involvement with money in the shop involved his efforts to calculate the cost of eight suits (approximately $2100); that the tape-recorded references to "thirty-one" and "thirty-three"

referred to waist size; and that he left the shop briefly, not to get cocaine, but to buy a shirt at a house where he had heard "good clothing" was "sold." The jury, however, was legally free to reject Torres' contrary story. *See, e.g., United States v. Maraj*, 947 F.2d 520, 523 n. 3 (1st Cir.1991); *United States v. Arango–Echeberry*, 927 F.2d 35, 38 (1st Cir.1991). And, if Torres' story is rejected, the remaining evidence—the agents' testimony, the drugs, and the tape—provide a more than adequate evidentiary basis for conviction. *United States v. Guerrero–Guerrero*, 776 F.2d 1071, 1075 (1st Cir.1985) ("[T]he jury is free to choose among varying interpretations of the evidence, as long as the interpretation they choose is reasonable.").

## II

### *The Excused Juror*

■ Torres argues that the district court should have excused for cause a prospective juror who had said she knew the brother of the prosecutor. Torres, however, did not ask the judge to remove the juror for cause during voir dire. And, the juror, in response to specific questioning by the trial court, said she could decide the case impartially. Under these circumstances, the failure to excuse for cause is plainly not "plain error." *See, e.g., United States v. Calabrese*, 942 F.2d 218, 224–25 (3d Cir.1991) (citing cases suggesting that removal for cause is not mandated even where a potential juror has familiarity with participants in a criminal proceeding or with the defendant himself); *United States v. Frank*, 901 F.2d 846, 849 (10th Cir.1990) (no abuse of discretion for failure to dismiss for cause juror who knew the prosecuting attorney in the case).

■ We add that Torres used a peremptory challenge to excuse the juror, and he did not exhaust his supply of peremptory challenges. Thus, the judge's decision did not harm him. *Hopt v. People*, 120 U.S. 430, 436, 7 S.Ct. 614, 617, 30 L.Ed. 708 (1887) ("Notwithstanding the peremptory challenges made by the defendant to two of the jurors, he had several such challenges which had not been used when the jury was completed. If, therefore, the ruling of the court in disallowing the challenges to the two for bias ... was erroneous, no injury to the defendant followed."); *United States v. Brown*, 644 F.2d 101, 104 (2d Cir.) (even if juror should have been excused for cause, and defendant forced to expend peremptory as a result, reversal not warranted where no showing of prejudice), *cert. denied*, 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). *Cf. United States v. Rucker*, 557 F.2d 1046 (4th Cir.1977) (error not harmless where peremptory challenges exhausted).

## III

### *The Sentence*

■ 1. The district court increased Torres' sentence by two levels for attempting "to obstruct or impede[ ] the administration of justice," U.S.S.G. § 3C1.1, an increase that the Guidelines authorize for a defendant's "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment. (n. 3(b)). Torres argues that this enhancement does not apply. The evidence we have mentioned, however, sufficiently supports the district court's conclusion that Torres deliberately lied when he claimed that he did not know about the drug transaction, that he had no connection with the courier who brought the drugs to the shop, and that he did not hand the drugs to Agent Holske. Torres' testimony, even if we construed it in "a light most favorable" to him, U.S.S.G. § 3C1.1, comment. (n. 1), was elaborate, fanciful, and false. *United States v. Rojo–Alvarez*, 944 F.2d 959, 969 (1st Cir.1991) (application note for § 3C1.1, instructing court to view testimony in "a light most favorable to the defendant," only requires court to resolve testimonial conflicts in defendant's favor where it has "no firm conviction" about evidence). Indeed, Torres' testimony is very much the kind of false sworn testimony for which the Guidelines, following much pre-Guideline practice, suggest added punishment. *See, e.g., United States v. Akitoye*, 923 F.2d 221, 229 (1st Cir.1991) (enhancement appropriate where defendant

"fabricated a fairy tale in a lame effort to avoid the ... consequences of his criminal conduct").

■ Torres also argues that the court rested its "perjury" conclusion, in part, upon two factors he calls improper: (1) the fact that Torres first said he would plead guilty, but spoke so inconsistently that the court felt that a trial was necessary; and (2) the fact that Torres initially gave the impression that he did not understand English but then, during trial, often spoke to counsel in English. The district court, however, did not punish Torres for his effort to plead guilty or for his ability to speak English. It simply mentioned these events, as minor factors in a list of many others, in explaining what led it to believe that Torres was not a credible person. Such matters of credibility are primarily for the trial court to decide. *Untied States v. Aymelek,* 926 F.2d 64, 68 (1st Cir.1991) (in respect to § 3C1.1 adjustments, "matters of credibility are normally for the trial court, not this court, to decide") (quoting *United States v. Wheelwright,* 918 F.2d 226, 228 (1st Cir.1990)). And we find nothing unlawful about looking to the whole of Torres' conduct in assessing credibility for sentencing purposes, *cf. Payne v. Tennessee,* —— U.S. ——, 111 S.Ct. 2597, 2606, 115 L.Ed.2d 720 (1991) ("sentencing authority has always been free to consider a wide range of relevant material"), at least where these factors played a rather minor role.

■ 2. Torres argues that the court should have reduced his sentence because he was a "minor participant" in the crime. U.S.S.G. § 3B1.2(b). Torres' receipt of the money, his contacts with the drug courier, and his having handed the drugs to the agent, taken together, however, justify the district court's decision not to provide Torres the benefit of this adjustment. *See United States v. Osorio,* 929 F.2d 753, 764 (1st Cir.1991) (district court's role-in-the-offense rulings reviewed for "clear error"); *United States v. Valencia–Lucena,* 925 F.2d 506, 514 (1st Cir.1991); *United States v. Wright,* 873 F.2d 437, 444 (1st Cir.1989).

■ 3. Torres argues that his sentence (51 months in prison) is unfairly long, for

Arias, who owned the shop, received a term of only 33 months. Arias, however, unlike Torres, accepted responsibility, U.S.S.G. § 3E1.1, did not obstruct justice, U.S.S.G. § 3C1.1, and did not have a lengthy criminal record. U.S.S.G. Ch. 4, Pt. A. These factors account for the difference in sentences. Regardless, Torres' sentence was lawful under the Guidelines; that being so, the fact that a different defendant received a different sentence does not provide a basis in law for setting aside Torres' own sentence. *United States v. Wogan,* 938 F.2d 1446, 1448 (1st Cir.) (departures from the Guidelines cannot be justified simply by "a perceived need to equalize sentencing outcomes" among defendants), *cert. denied,* —— U.S. ——, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991).

Torres' remaining arguments are without merit.

The judgment of the district court is

*Affirmed.*