972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Richard SPERLINGA, Defendant, Appellant.
 No. 91-1925.
 United States Court of Appeals,
First Circuit.
 August 11, 1992
 
 Appeal from the United States District Court for the District of Massachusetts
 Albert F. Cullen and Cullen & Butters on brief for appellant.
 A. John Pappalardo, United States Attorney, and Paul V. Kelly, Assistant U.S. Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Richard D. Sperlinga pled guilty to all three counts of an indictment charging him and a co-defendant with conspiring to possess with intent to distribute and to distribute in excess of 100 grams of phencyclidine (PCP) and with distribution of same, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. On August 15, 1991, the district court sentenced appellant to 78 months imprisonment, 4 years of supervised release and a $150 special assessment.
 
 
 2
 On appeal, Sperlinga raises two objections to the district court's sentence. First, appellant argues that the district court erred by refusing to decrease his base offense by two levels for a "minor participant" role in the offense. Second, appellant faults the district court for denying his request to credit his sentence for the six months that he was confined to his home while released on bond. We affirm.
 
 I. Minor Participant Role in the Offense
 
 3
 The district court, following the recommendations contained in the pre-sentence report, applied the sentencing guidelines to arrive at the appellant's sentence as follows. The court determined a base offense level of 30, corresponding to the statutory violations to which the appellant pled guilty and the amount of PCP for which the appellant was held accountable. U.S.S.G. § 2D1.1(c). The court reduced the base offense level by two levels for appellant's acceptance of responsibility, arriving at a total offense level of 28. U.S.S.G. § 3E1.1(a). Given the appellant's criminal history category of I, the court arrived at a guideline range of 78 to 97 months. The court sentenced the appellant at the low end of that range, to a prison term of 78 months on each of the three counts, to be served concurrently.
 
 
 4
 The appellant argues that his base offense level ought to have been adjusted downward by two levels on account of his role in the offense as a minor participant pursuant to U.S.S.G. § 3B1.2(b). The commentary to the sentencing guidelines defines a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. The background note to the commentary further explains that the downward adjustments for a minimal or minor participant are intended "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." Id. See United States v. Sostre, No. 91-1918, slip op. at 10 (1st Cir. June 29, 1992).
 
 
 5
 The burden of proving entitlement to a downward adjustment for a minor role in an offense falls upon the defendant. Id.; United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990). To prevail on appeal, the defendant must prove that the district court's failure to provide such an adjustment was clear error. United States v. Sostre, slip op. at 10; United States v. Daniel, No. 91-1554, slip op. at 7 (1st Cir. April 3, 1992); United States v. Ocasio, 914 F.2d at 333; United States v. Wright, 873 F.2d 437, 444 (1st Cir. 1989); see 18 U.S.C. § 3742(e). The fact-specific nature of role-in-the-offense determinations dictates that "considerable respect be paid to the views of the nisi prius court." United States v. Ocasio, 914 F.2d at 333. Where the undisputed facts support more than one reasonable inference, the sentencing court's choice among them cannot be clear error. United States v. Trinidad De La Rosa, 916 F.2d 27, 29 (1st Cir. 1990); United States v. Preakos, 907 F.2d 7, 8 (1st Cir. 1990); United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. denied, 493 U.S. 862 (1989).
 
 
 6
 The undisputed facts support the district court's determination that the appellant was not a minor participant. The facts as set forth in the pre-sentence report are as follows. On January 27, 1991, co-defendant Paul Frangos delivered a jar of liquid PCP to Joseph Bova. Law enforcement officers, with the assistance of a confidential source (CS), seized the drug. The CS subsequently had a series of telephone calls and meetings with Frangos regarding the payment of $8,000 for the jar delivered to Bova and delivery of a second jar. These meetings and calls were tape-recorded. During a meeting on January 29, the CS paid Frangos $2,000 as a down payment for the first jar of PCP. Surveillance agents observed appellant meeting with Frangos immediately before and after Frangos met with the CS.
 
 
 7
 On January 31, appellant met with Frangos and the CS. The CS paid appellant $6,000, the balance owing for the first jar of PCP. Appellant agreed to deliver a second jar of PCP to the CS. Later that afternoon, the three met again and appellant delivered the second jar of PCP to the CS. On February 1, the CS met with appellant and paid him $2,000 of the $8,000 owed for the second jar. They agreed to meet again on February 4 so that the CS could pay appellant the balance due. On February 4, the CS had a telephone conversation with appellant in which he arranged to meet him later in the afternoon. They met according to plan and the CS paid appellant $6,000, the remaining balance owed for the second jar. The CS requested another delivery. Appellant and Frangos were arrested that day, before another delivery was made.
 
 
 8
 At appellant's and Frangos' sentencing hearing, the district court summarized the facts as set forth in the pre-sentence report. The parties agreed that those were the undisputed facts. The district court questioned how on those facts either of the defendants could be found to be a minor participant since there was no third person identified, in relation to whom the defendants' roles were minor. Appellant argued, as he does on appeal, that in a recorded telephone conversation with the CS, he referred to a third person, "this guy," who he alleges was the leader. The district court accepted the government's recommendation that Frangos' offense level be reduced by two levels for his role in the offense as a minor participant. The government's position was that Sperlinga was the major participant in the offense and that Frangos was an agent and spokesperson for Sperlinga.
 
 
 9
 On appeal, Sperlinga argues that the court's failure to make the same downward adjustment to his offense level as was awarded Frangos was clear error. Appellant states in support of his position that the CS, and not Sperlinga, arranged all of the meetings, that appellant had no role in determining the size of the drug transaction, did not negotiate the sale of the PCP, was not in charge of the operation and "was likely involved in his first drug deal." Appellant contends that his role was similar to that of Frangos. Appellant was "the courier for the CS from another unidentified individual."
 
 
 10
 The appellant has failed to meet his burden of demonstrating that the district court's contrary interpretation of the facts was clearly erroneous. Appellant played a central role in each of the transactions with the CS. There was only one meeting with the CS at which he was not present, and he met with Frangos immediately before and after that meeting. When Frangos and appellant met with the CS together, the CS handed the money to appellant rather than to Frangos. It was reasonable for the district court to infer from these facts that appellant was not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. The district court was entitled to reject appellant's contention that there was an unidentified third person relative to whom appellant's role was minor, in favor of the equally reasonable inference that, even if a third person existed, the appellant was not a minor player in the offense.
 
 
 11
 The facts of this case are analogous to those of other cases where we have held that the district court did not err in refusing to grant appellant a downward adjustment for minor participant status. See United States v. Torres, 960 F.2d 226, 229 (1st Cir. 1992) (upholding denial of downward adjustment for minor role in conspiring to distribute and distributing cocaine where defendant received the money from the government agent, had contacts with a drug courier and handed the drugs to the agent); United States v. Garcia, 954 F.2d 12 (1st Cir. 1992) (holding that the district court's refusal to reduce defendant's offense level for his role in the offense of conspiring to distribute and distributing cocaine was not clearly erroneous where defendant received payment directly from government agent, discussed terms of the sale with the agent and conferred with co-defendant prior to co-defendant's meeting with agent); United States v. Morales-Diaz, 925 F.2d 535, 540 (1st Cir. 1991) (upholding denial of downward adjustment for role in offense of possession with intent to distribute cocaine and conspiracy to do same where defendant drove the car containing the drug, greeted the agent at the meeting place, directed his co-defendant to hand over the drug and accompanied the agent to his car to receive the payment).
 
 
 12
 The district court's determination that appellant was not a minor participant was not clearly erroneous.
 
 II. Denial of Credit for Home Confinement
 
 13
 On February 20, 1991, following a bail hearing, the court released appellant on a $148,000 surety bond secured by property owned by his mother. As a condition of his release, appellant was confined to his home and placed under electronic monitoring. He was permitted to leave his home only to meet with his attorney to prepare his defense. He was prohibited from applying for a passport. Appellant's wife was appointed to serve as third party custodian for appellant.
 
 
 14
 At his sentencing hearing, appellant argued that he was entitled to credit, pursuant to 18 U.S.C. § 3585(b), for the six months he had spent under house arrest while released on bail. Section 3585(b) provides as follows:
 
 
 15
 (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 16
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 17
 2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 18
 that has not been credited against another sentence. The district court denied the credit for the time Sperlinga spent in home confinement on the ground that "there is no authority for doing it; indeed, the authority is contrary." Sperlinga appeals this denial, arguing that the terms of his confinement amounted to "official detention" within the meaning of § 3585(b).
 
 
 19
 Appellant acknowledged in his brief that in United States v. Zackular, 945 F.2d 423, 425 (1st Cir. 1991), this court held that the "official detention" requirement of § 3585(b) is not met by home confinement. Appellant attempts to distinguish Zackular by pointing out that the defendant in that case was not subject to electronic monitoring. Appellant relies heavily on United States v. Londono-Cardona, 759 F.Supp. 60 (D.P.R. 1991), as authority for allowing credit for time served while under house arrest, a decision which this court, writing in Zackular, considered "wrongly decided." United States v. Zackular, 945 F.2d at 425 n.2.
 
 
 20
 We do not decide the appeal on that ground, however, because the Supreme Court recently ruled that district courts lack the authority to grant credits under § 3585(b) in the first instance. In United States v. Wilson, U.S., 112 S. Ct. 1351, 1354 (1992), the Court held that 18 U.S.C. § 3585(b) confers exclusive authority upon the Attorney General to compute the credit after the defendant begins his sentence. The Court reasoned that the district court cannot compute the credit at the time of sentencing because the court cannot know then how much time a defendant will spend in detention prior to beginning his sentence. Id.
 
 
 21
 The district court, therefore, lacked jurisdiction to grant Sperlinga credit for the time spent in home confinement. Appellant must begin serving his sentence and be denied credit by the Attorney General before he can obtain judicial review of such denial. See United States v. Checchini, No. 91-50598, slip op. at 4 (9th Cir. June 23, 1992). The district court lacked authority to act under § 3585(b). Therefore, its failure to grant credit thereunder was not in error.
 
 
 22
 The judgment is summarily affirmed pursuant to First Circuit Rule 27.1.